Juniata Foods, Inc., Appellant *v*. Mifflin County Development Authority, Appellee.

Mifflin County Industrial Development Authority, Appellant *v*. Juniata Foods, Inc., Appellee.

Argued October 15, 1984, before Judges Rogers, Doyle and Colins, sitting as a panel of three.

*Randolph M. Baker,* with him, *G. Thomas Miller, McNees, Wallace & Nurick,* for appellant/appellee, Juniata Foods, Inc.

*Allen Joseph Levin, Brugler & Levin,* for appellee/appellant, Mifflin County Industrial Development Authority.

OPINION BY JUDGE COLINS, January 21, 1985:

Juniata Foods, Inc. (Juniata) appeals an order of the Court of Common Pleas of Mifflin County which dismissed its claim to attorney's fees and certain expenses following a jury award of $19,920.00 in damages. Juniata had sought economic damages as a result of the Mifflin County Industrial Development Authority (MCIDA) having wrongfully obtained an ex parte preliminary injunction. MCIDA cross appeals the trial court's refusal to dismiss Juniata's complaint, its refusal to admit certain evidence and its failure to reduce the award of the jury. Both appeals have been consolidated before this Court.

MCIDA is the deeded owner, by gift, of Mifflin County Industrial Plaza. In 1976, a portion of the Plaza was sold to Lester Miller, President of Juniata. Miller now leases his portion of the premises to Juniata.

Juniata and Miller subsequently sued MCIDA claiming that MCIDA had improperly removed certain railroad tracks from the portion of the Plaza owned by Miller and leased to Juniata. While this case was pending, Juniata removed another set of railroad tracks from its premises in which MCIDA claimed an easement. The tracks were removed so that Juniata could complete construction of a loading dock. After Juniata removed the second set of tracks, MCIDA sought and was granted an ex parte order, without bond, restraining Juniata from completing and using the dock.

In December 1981, MCIDA's complaint was dismissed, the injunction dissolved and damages awarded. Juniata and Miller neither filed exceptions to this decree nor a bill of costs for special damages as required by Mifflin County R.C.P. §308, pursuant to 42 Pa. C.S.A. §1726. However, in June 1982,

Juniata and Miller filed a Complaint in Assumpsit against MCIDA to recover attorney's fees and costs incurred in defense of the improper entry of the preliminary injunction. The jury trial was held in June 1983.

On appeal, Juniata contends that the lower court erred in refusing to allow the jury to include in its award recovery of attorney's fees, witness preparation and attendance costs and other court related expenses. It bases its argument on Pa. R.C.P. No. 1531(b)(1) which imposes liability for "all damages sustained by reason of granting the injunction and all legally taxable costs and fees. . . ." We disagree.

"It is a general rule in our judicial system . . . that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party. These are the costs of proceeding in court, not those of preparation, consultation, and fees generally. *De-Fulvio v. Holst,* 239 Pa. Superior Ct. 66, 69, 362 A.2d 1098, 1099 (1976). Moreover, Pennsylvania courts have consistently held that "a court is powerless to grant counsel fees in the absence of statutory authorization to the contrary. . . ." *Paul v. Paul,* 281 Pa. Superior Ct. 202, 206, 421 A.2d 1219, 1221 (1980) (quoting *Drummond v. Drummond,* 414 Pa. 548, 200 A.2d 887 (1964)). Because Pa. R.C.P. 1531(b) fails to explicitly include an award of attorney's fees, we hold that they cannot be granted here.

MCIDA, in its cross appeal from the lower court's decision, first contends that Juniata's complaint should have been dismissed because there was no remedy available in this case. Relying on Pa. R.C.P. No. 1531(b),[1] MCIDA argues that since governmental

---

[1] Pa. R.C.P. No. 1531(b) provides in pertinent part: Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board,

entities are exempt from posting bond prior to issuance of a preliminary injunction, it should be exempt from any liability. It alleges that the sole remedy for damages arising out of the improper issuance of an injunction is an action upon the bond and that absent this explicit imposition of liability, the Commonwealth is immune from liability. We disagree.

While it is true that pursuant to 1 Pa. C. S. §2310 "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity . . .,"[2] MCIDA, as a local authority, does not fit within this category. Under 2 Pa. C. S. §101 "Commonwealth government" is defined as:

> The government of the "Commonwealth", including the courts and other officers or agencies of the unified judicial system, the General Assembly, and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term *does not include* any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority. (Emphasis added.)

MCIDA's argument fails, because a bond is not a condition precedent to obtaining damages from a governmental entity. The bond requirement in Pa. R.C.P. No. 1531(b)(1) is merely to insure a ready source for payment of damages if due. The agency is liable for damages here despite its exemption from the bonding requirement.

---

commission, instrumentality or officer of the Commonwealth or of a political subdivision. . . .

[2] 1 Pa. C. S. §2310.

MCIDA next alleges that Juniata's claim to attorney's fees and trial preparation costs is barred by res judicata because it neither appealed the final order dissolving the injunction and assessing damages nor filed a bill of costs as required under Mifflin County Rule of Court No. 308 to recover such special damages.

Pa. R.C.P. No. 1030 requires that "[a]ll affirmative defenses including but not limited to the defenses of . . . res judicata . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." In addition, under Pa. R.C.P. No. 1032, "[a] party waives all defenses and objections which he does not present either by preliminary objections, answer or reply." Because the issue of res judicata was not properly raised here, we cannot consider it on appeal.

MCIDA also challenges certain evidentiary rulings of the lower court. Specifically, it claims that the lower court erred in refusing its offer of a portion of the record at the injunction action which was relevant to the issue of damages and constituted an admission. It further alleges that the lower court allowed the jury to consider speculative damages and refused to reduce the award to eliminate this error.

MCIDA offered the record at the injunction proceeding to show Juniata's alleged use of the loading dock while the injunction was in effect. "It is well established that it is the trial court's function to exclude evidence that would confuse the jury and divert their attention from the primary issues in a case." *Feld v. Merriam,* 314 Pa. Superior Ct. 414, 440, 461 A.2d 225, 238 (1983) (quoting *Eldridge v. Melcher,* 226 Pa. Superior Ct. 381, 313 A.2d 750 (1973)). "Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be disturbed absent a clear indi-

cation that discretion has been abused." *Id.* at 440, 461 A.2d at 238 (quoting *Catina v. Maree,* 272 Pa. Superior Ct. 247, 415 A.2d 413 (1979)). Based on a review of the record, we find that the lower court did not abuse its discretion.

MCIDA's challenge to the jury's award is also without merit. "In appellate review, every reasonable possible construction is to be made in favor of the findings of the jury, and an inconsistency may be declared only when there is no reasonable theory or conclusion to support the jury's verdict." *Ferrick Excavating & Grading v. Senger Trucking,* 315 Pa. Superior Ct. 69, 76, 461 A.2d 800, 803 (1983) (quoting *Hornak v. Pittsburgh Railway Co.,* 433 Pa. 169, 249 A.2d 312 (1969)). The record more than adequately supports the jury's award here.

For the reasons stated above, we affirm the decision of the Court of Common Pleas of Mifflin County.

ORDER

AND Now, January 21, 1985, the decision of the Court of Common Pleas of Mifflin County is affirmed.