519 A.2d 1058

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Consolidated Rail Corporation, Appellee.

Consolidated Rail Corporation, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued October 8, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Brian H. Baxter,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant/appellee.

*David P. Helwig,* with him, *Aloysius F. Mahler, Sharlock, Repcheck & Mahler,* for appellee/appellant.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 29, 1986:

The Department of Transportation (DOT) and Consolidated Rail Corporation (Conrail) cross-appeal an Allegheny County Common Pleas Court order denying post-trial motions and entering judgment in favor of Conrail. We affirm.

A landslide removed the soil supporting a railroad bed next to a DOT-maintained highway and caused Conrail's railroad tracks to shift. As a result, a train wreck involving substantial property damage[1] occurred. Conrail commenced an action against DOT, alleging that the landslide was caused by DOT's negligent failure to maintain the drainage structures along the highway. DOT answered that it was Conrail's own negligence in maintaining *its* drainage pipes which caused the accident.

Prior to trial, the common pleas court ruled, over Conrail's objection, that Section 8528 of the Judicial

---

[1] Some personal injuries were also sustained.

Code[2] barred recovery in excess of $250,000. Thus, because damages exceeding $500,000 were stipulated to, the only issue presented to the jury was the parties' liability. The jury found DOT liable and awarded a verdict in favor of Conrail.[3]

Conrail filed a motion for a new trial on the grounds (1) that the $250,000 statutory cap on damages was unconstitutional and (2) that delay damages should not have been computed on the statutory cap but on Conrail's actual damages. DOT submitted a motion for judgment notwithstanding the verdict on the ground that Conrail's claim lay, if at all, under Section 5110(b)(5) of the Code—the naturally caused dangerous highway conditions, or "pothole"—exception to immunity, rather than Section 5110(b)(4) governing negligently caused highway defects. DOT also filed a motion for a new trial on the ground that the common pleas court improperly instructed the jury. Both parties' motions were denied.

Mindful that the disposition of post-trial motions is for the sound discretion of the trial court, *Abbott v. Steel City Piping Co.*, 437 Pa. 412, 263 A.2d 881 (1970), we shall address Conrail's appeal from the denial of a new trial before proceeding to DOT's appeal. We note initially, however, that under our scope of review of new trial motions, the common pleas court's ruling will not be reversed absent an error of law controlling the out-

---

[2] When Conrail commenced its action in July 1980, Section 2 of the Sovereign Immunity Act (Act 152) Section 5111 of the Judicial Code, *formerly* 42 Pa. C. S. §5111, controlled. This statute was repealed by the Act of October 5, 1980, P.L. 693. A similar provision was subsequently codified at Section 8528 of the Judicial Code, 42 Pa. C. S. §8528. For purposes of clarity and consistency in this opinion, we shall cite to the current statute.

[3] The trial court entered a judgment against DOT of $312,157.40, representing the statutory maximum plus delay damages.

come of the case or an abuse of discretion where the ruling turns on the weight of the evidence. *Cabell v. City of Hazleton,* 96 Pa. Commonwealth Ct. 129, 506 A.2d 1001 (1986).

## Conrail's Motion for New Trial

Conrail contends that the statutory limitation on damages recoverable against the Commonwealth violates the Pennsylvania Constitution[4] and the Equal Protection Clause of the United States Constitution.[5] However, Conrail's constitutional challenge has been rejected by this Court in *Lyles v. City of Philadelphia,* 88 Pa. Commonwealth Ct. 509, 490 A.2d 936 (1985), where we held that Article III, §18 of our Commonwealth's Constitution, prohibiting the General Assembly from limiting recovery for injuries, does not apply to the Commonwealth.

This Court in *Lyles* also rejected the identical federal equal protection challenge Conrail advances and held that the limitation on damages provision bears a rational relationship to the legitimate government interest of preserving sufficient funds for essential public services without placing an undue burden upon taxpayers. Our Supreme Court recently upheld[6] our ruling in *Lyles,* 512 Pa. 322, 516 A.2d 701 (1986).

Conrail next directs our attention to Pa. R.C.P. No. 238, relating to delay damages, and argues that, since the rule makes no mention of special verdicts, delay

---

[4] PA. CONST. art. III, §18.

[5] U.S. CONST. amend. XIV, §1.

[6] The Supreme Court in *Lyles* noted that this Court rejected the appellant's equal protection challenge under the "rational basis" test. Using the more stringent test because it perceived that an important right was implicated, our Supreme Court nonetheless held that the statutory limit on recovery passed constitutional muster.

damages are to be computed upon what a jury *would have* awarded (given no statutory constraints) rather than upon an actual molded verdict. It urges that such an interpretation would provide a greater incentive to settlement offers in accordance with the rule's purpose. We decline to accept Conrail's reasoning in this regard.

As we said in *Kowal v. Department of Transportation,* 100 Pa. Commonwealth Ct. 593, 515 A.2d 116 (1986), where delay damages were calculated on a *post-trial* molded verdict, the Commonwealth in such cases could only avoid astronomical delay damages by tendering a settlement offer many times greater than the $250,000 recovery limitation. This result would effectively undermine the legislative intent in setting limits on recoveries against the Commonwealth. *Id.* at 599, 515 A.2d at 120. Our decision in *Kowal* controls, and we therefore reject Conrail's contention that the calculation of the *amount* of delay damages was erroneous.[7]

a12*DOT's Motion for Judgment N.O.V.*

In determining whether judgment notwithstanding the verdict is warranted, the Court must consider all the evidence in the light most favorable to the verdict winner, who must be given the benefit of all reasonable inferences arising from the evidence and in whose favor

---

[7] We are cognizant of our Supreme Court's recent ruling in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986). The Court suspended Rule 238 because it concluded that the rule's mandatory provisions assessing damages without regard to fault violate due process. In its stead, the Supreme Court has directed courts of this Commonwealth to adhere to a procedure whereby they will consider a petition and answer from each party before awarding or denying delay damages. However, the Supreme Court mandates that the rule's suspension be given a prospective effect and shall not apply to cases in the appellate or post-trial stage.

all conflicting evidence must be resolved. A judgment n.o.v. will be entered only in clear cases. *Township of Bensalem v. Press,* 93 Pa. Commonwealth Ct. 235, 501 A.2d 331 (1985).

DOT contends that it should have been granted judgment n.o.v. (1) because the evidence failed to establish negligence and (2) because under the fifth (naturally caused highway defect or "pothole") exception to immunity, liability will be found only if DOT has received prior written notice, which Conrail did not provide.

We agree with the trial court, however, that Conrail established a right to recovery under the fourth exception to immunity which establishes liability for dangerous highway conditions not caused by natural elements. Under this exception, notice is not a prerequisite to liability.

Conrail presented testimony that the roadbed subsidence—albeit in an area prone to naturally occurring landslides—was caused by an accumulation of water which flowed from a steep hillside above. Testimony indicated that this water should have flowed through DOT's cross-drain underneath the state highway but that DOT's conduits had been blocked for some time prior to the train wreck. This evidence was adduced through the testimony of soil engineers, other experts and eyewitnesses. Our review of the record indicates that there is substantial support for the jury's determination that the landslide was caused by DOT's negligence and not by natural elements.

Moreover, this Court has held in *Steckley v. Department of Transportation,* 46 Pa. Commonwealth Ct. 367, 407 A.2d 79 (1979), and *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979), that complaints alleging damage caused by negligently maintained highway drainage facilities fall within the

fourth immunity exception. We thus perceive no legal error or discretionary abuse in the common pleas court's denial of DOT's motion for judgment n.o.v. Accordingly, we affirm the denial of DOT's motion.

### DOT's Motion for a New Trial

DOT argues that a new trial should have been granted because the common pleas court failed to grant several points for charge essential to DOT's non-liability. It is well settled that the denial of a new trial will not be reversed unless the appellate court, upon viewing the jury instructions as a whole, finds that they have caused prejudicial error. *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972). Having examined DOT's proposed points for charge and those the trial court issued, we are satisfied that no error occurred.

DOT's proposed points Nos. 6, 9, 12 and 16 (relating to notice, causation, DOT's duty to maintain its highways, and contributing factors, respectively) essentially paralleled the court's own instructions on the legal theory of negligence.[8]

Proposed point No. 7, requiring the jury to find in favor of DOT unless it received written notice of a naturally caused highway defect, is not legally correct and was therefore properly rejected by the trial court. This instruction (which cites the Code's natural elements exception for its authority) requires the jury to find that DOT received written notice, which is not necessary for recovery under the fourth exception. There was no error in rejecting this point of charge.

---

[8] The common pleas court's instructions to the jury can be found at pp. 998a-1023a and 1035a-1040a of the Reproduced Record. DOT's proposed points for charge can be found at pp. 18a-27a of the Reproduced Record.

Having found no error in the jury instructions which would prejudice the outcome of the proceedings, we will affirm the trial court's denial of a new trial.

The order of the Allegheny County Common Pleas Court denying both Conrail's and DOT's motions for post-trial relief and entering judgment for Conrail is affirmed.

ORDER

The Allegheny County Common Pleas Court order, No. G. D. 81-30367 dated June 5, 1985, is affirmed.