540 A.2d 1370

Rose Sacco, Appellant *v.* City of Scranton, Appellee.

Argued February 26, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Nicholas S. Mattise,* with him, *David Israel Fallk, Robert W. Munley, P.C.,* for appellant.

*Perry J. Shertz,* with him, *Richard A. Russo, Rosenn, Jenkins & Greenwald,* for appellee.

OPINION BY JUDGE PALLADINO, May 2, 1988:

Rose Sacco (Appellant) appeals an order of the Court of Common Pleas of Lackawanna County (trial court) denying her motions for new trial and judgment notwithstanding the verdict. For the reasons set forth below, we affirm.

Appellant was injured on September 11, 1980 as she stepped off of a curb in the City of Scranton and her foot came into contact with crumbling pavement on the street. Appellant's foot slid into a hole next to a sewer grate causing her to fall and sustain leg and back injuries. Appellant filed a complaint in the trial court

against the City of Scranton (Appellee) alleging that Appellee was negligent in maintaining its streets and in failing to warn of the defects in the pavement.[1]

Appellee answered, asserting in new matter that Appellant's claim was barred by the governmental immunity provisions of the Political Subdivision Tort Claims Act (Act).[2] Appellee also contended that it was not liable for Appellant's injuries because Appellant had failed to cross the street at a designated pedestrian cross-walk. Finally, Appellee contended that if it was found liable, the Act limited the damages recoverable by Appellant.

Appellee also joined the Commonwealth of Pennsylvania, Department of Transportation (DOT) as an additional defendant. Appellee alleged that Appellant's fall occurred on North Main Avenue in Scranton.[3] Appellee argued that North Main Avenue was a state road under the control of DOT and that DOT was therefore responsible for its maintenance. On November 2, 1983, after reviewing a stipulation of counsel, the trial court entered an order discontinuing the action as to DOT.

The trial court then bifurcated the trial as to the issues of liability and damages. A jury trial commenced and both parties presented evidence as to the location of Appellant's fall, the condition of the pavement, and Appellee's notice of that condition. On December 1, 1983, the jury returned a verdict in favor of Appellee. The jury found that Appellee was negligent in maintain-

---

[1] Appellant contends that her fall occurred on Lafayette Street in Scranton, which street is under the control of Appellee.

[2] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.101-5311.803, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended*, 42 Pa. C. S. §§8541-8564.

[3] Lafayette Street and North Main Avenue intersect. The pedestrian cross-walk is located at this intersection.

ing its streets, but that this negligence was not a substantial factor in bringing about Appellant's harm.

Appellant filed post-trial motions for new trial and judgment notwithstanding the verdict alleging that the trial court erred in bifurcating the trial. Appellant further asserted that the jury's finding that Appellee's negligence was not a substantial factor in bringing about her [Appellant's] harm was against the weight of the evidence. Finally, Appellant contended that the trial court erred in giving the jury certain jury instructions[4] and in failing to instruct the jury that Appellant was not required to keep her eyes glued to the ground at all times and that Appellant was not negligent in failing to cross at the designated cross-walk.[5] By order dated June 21, 1985, the trial court denied Appellant's motions.

Appellant appealed to the Pennsylvania Superior Court, which transferred the case to this court under 42 Pa. C.S. §762(a)(7). Appellant now contends that the trial court erred in denying her motions for new trial and judgment notwithstanding the verdict.[6]

---

[4] The trial court instructed the jury that violation of a Scranton ordinance prohibiting pedestrians from crossing highways between intersections permitted a finding of negligence per se. The trial court also instructed the jury that where a person knows or should know that he has a choice between a safe way and a dangerous way, he can be charged with negligence if he nevertheless chooses the dangerous way. Jury Charge at 572-73 of Record.

[5] In her motions, Appellant also alleged that the trial court erred in admitting a photograph offered by Appellee, in refusing to admit some of Appellant's exhibits, and in allowing the secretary of Appellee's counsel to read portions of Appellant's deposition. We will not address these allegations of error because Appellant has waived them by not raising them in her brief. Pa. R.A.P. 2116.

[6] Our scope of review of a decision of a trial court denying motions for judgment n.o.v. or for new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Paxton Hollow Estates, Ltd. v. Lower Paxton Township*, 93 Pa. Commonwealth Ct. 468, 501 A.2d 1175 (1985).

In reviewing whether judgment notwithstanding the verdict is warranted, the evidence must be considered in the light most favorable to the verdict winner, who must be given the benefit of all reasonable inferences of fact arising from the evidence. *Township of Bensalem v. Press*, 93 Pa. Commonwealth Ct. 235, 501 A.2d 331 (1985). Further, any conflict in the evidence must be resolved in favor of the verdict winner. *Id*. A judgment notwithstanding the verdict will be granted only in clear cases. *Id*.

This court has also held that, in reviewing new trial motions, the trial court's ruling on the motion will not be reversed absent an error of law controlling the outcome of the case or an abuse of discretion where the ruling turns on the weight of the evidence. *See Cabell v. City of Hazleton*, 96 Pa. Commonwealth Ct. 129, 506 A.2d 1001 (1986).

## BIFURCATION

Appellant first contends that the trial court's bifurcation of the issues of liability and damages was an abuse of discretion. Pa. R.C.P. No. 224(b) provides that a court may compel the plaintiff in any action to produce all of his evidence upon the question of the defendant's liability before he calls any witness to testify solely to the extent of the injury or damages. In this case, the trial court determined that bifurcation was appropriate in order to postpone resolution of whether Appellant's social security and workmen's compensation benefits would have to be deducted from a verdict in favor of Appellant. The trial court also noted that a substantial portion of time would have been devoted to witnesses on the issue of damages.

Finally, we note that Appellant asserted in her reply to new matter that the sections of the Political Subdivision Tort Claims Act upon which Appellee relied were

unconstitutional, including the statutory limitation on recoverable damages. In support of the trial court's decision to bifurcate, Appellee argues that a determination of the merits of this claim would be unnecessary if the jury found Appellee not liable.

We find that the trial court did not abuse its discretion. Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be disturbed absent a clear indication that discretion has been abused. *Juniata Foods, Inc. v. Mifflin County Development Authority*, 87 Pa. Commonwealth Ct. 127, 486 A.2d 1035 (1985). Further, we have held that constitutional issues should not be decided unnecessarily where a case may be disposed of on other grounds. *See Commonwealth of Pennsylvania v. National Apartment Leasing Company*, 102 Pa. Commonwealth Ct. 623, 519 A.2d 1050 (1986). Clearly, the considerations of judicial economy and orderly presentation of evidence in this case provide ample justification for the trial court's decision to bifurcate the issues of liability and damages.

## Weight of Evidence

Appellant also contends that the verdict was against the weight of the evidence. Appellant argues that the only two eyewitnesses at the site of the injury testified that Appellant fell on Lafayette Street (under Appellee's control). Examination of the record discloses that there was conflicting evidence on this issue. Appellant testified at trial that she fell on Lafayette Street.[7] Appellant also presented the testimony of Mr. Michael Fontini, who stated that he saw Appellant lying on the ground on Lafayette Street.[8]

---

[7] Notes of Testimony of Appellant at 265, 305.

[8] Notes of Testimony of Fontini at 126.

However, Appellee presented evidence that Appellant fell on North Main Avenue (state road). At trial, Mr. Richard Lacy, a claims adjuster for Appellant's employer's workmen's compensation carrier, testified that Appellant indicated to him during a tape-recorded interview that she had fallen on North Main Avenue.[9] On cross-examination, Appellant acknowledged that she told Mr. Lacy during the tape-recorded interview that she had fallen on North Main Avenue.[10] Appellee also presented the deposition testimony of Mr. Fontini who indicated that he had not actually seen Appellant fall nor had he seen where Appellant had been walking prior to her fall.[11]

Appellant argues that there was no evidence from which a jury could find that she fell on a street other than Lafayette Street.[12] Thus, Appellant asserts that the jury's finding that Appellee's negligence was not a substantial factor in bringing about her harm was erroneous. We disagree. As noted above, there was conflicting evidence regarding the location of Appellant's fall. The jury resolved that evidentiary conflict in favor of Appellee. Questions of proximate causation are for the jury, except in those cases where the facts are undisputed and the remoteness of the causal connection between

---

[9] Notes of Testimony of Lacy at 420, Deposition of Lacy at 14-16. On cross-examination, Mr. Lacy stated that *he* was convinced that Appellant had fallen on Lafayette Street. N.T. at 435.

[10] Notes of Testimony of Appellant at 314-15, 323. *See* Lacy Deposition Exhibit No. 1, Page 3.

[11] Deposition of Fontini at 15.

[12] Appellant contends in her brief that Appellee's Exhibit No. 3, which was a photograph taken on December 17, 1980 by Mr. Lacy depicting a cross-walk on North Main Avenue, also caused improper speculation by the jury as to the location of her fall. We note that Appellant did not object to the admission of this photograph at trial, but requested only that the date of the photograph be written on the back. Record at 426.

the defendant's negligence and plaintiff's injury clearly appears from those facts. *Reber v. Pennsylvania Liquor Control Board,* 101 Pa. Commonwealth Ct. 397, 516 A.2d 440 (1986).

The Pennsylvania Supreme Court has held that the resolution of fact issues by the jury should not be disturbed unless such findings are clearly against the weight of the evidence. *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984). Further, a new trial should not be granted because of a *mere conflict* in testimony. *Id.* Based upon our review of the record in this case, the jury's verdict was not so contrary to the evidence so as to shock the court's sense of justice. *Township of Bensalem.*

## JURY INSTRUCTIONS

Finally, Appellant contends that the trial court erred in instructing the jury.[13] Specifically, Appellant argues that the trial court should not have instructed the jury that violation of a Scranton ordinance prohibiting pedestrians from crossing highways between intersections permits a finding of negligence per se.[14] Appellant fur-

---

[13] Appellee asserts that Appellant did not properly object to the instructions at trial. However, because the trial court reviewed the instructions in its opinion denying Appellant's motions, we will address them.

[14] *See* Jury Charge at 572-73 of Record. Appellant contends that the requirements for a charge on negligence per se were not met in this case. In its opinion denying Appellant's motions, the trial court cited *Miller v. Hurst,* 302 Pa. Superior Ct. 235, 448 A.2d 614 (1982). The court in *Miller* stated that a court may adopt as a standard of conduct of a reasonable man the requirements of a legislative enactment whose purpose is found to be to: (a.) protect the class of persons which includes the one whose interest is invaded; (b.) protect the particular interest which is invaded; (c.) protect that interest against the kind of harm which has resulted; and (d.) protect that interest against the particular hazard from which the harm results. *Id.* (citing Section 286 of the Restatement (Second) of Torts).

ther asserts that the trial court should not have instruct-ed the jury on the "choice of ways" doctrine because Appellee did not present evidence of a safer path which Appellant could have chosen.[15] Finally, Appellant contends that the trial court should have instructed the jury that she was not required to keep her eyes glued to the ground at all times and that she was not required to cross the street at the cross-walk.[16]

This court has held that the denial of a new trial will not be reversed unless the appellate court, upon viewing the jury instructions as a whole, finds that those instructions have caused prejudicial error. *Department of Transportation v. Consolidated Rail Corporation*, 102 Pa. Commonwealth Ct. 611, 519 A.2d 1058 (1986). Upon reviewing the jury instructions in this case, we cannot conclude that the instructions have caused prejudicial error. Any error caused by the trial court's instructions was harmless in light of the fact that the jury never reached the question of *Appellant's* comparative negligence. The jury determined only that *Appellee* was negligent but that such negligence was not a substantial factor in bringing about Appellant's harm.

Because we conclude that the trial court did not abuse its discretion or commit an error of law, Appellant's motions for new trial and judgment n.o.v. were properly denied.

Accordingly, we affirm.

### ORDER

And Now, May 2, 1988, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.

---

[15] The trial court instructed the jury that where an individual has a choice of two distinct ways, one of which is dangerous and one of which is safe, and he voluntarily chooses the dangerous path, the individual may be charged with negligence. *See* Jury Charge at 573 of Record.

[16] *See* Record at 500, 512-13.