547 A.2d 1279

Violet Ruparcich *v.* Mary Lou Borgman and Keystone Oaks School District, jointly and/or severally. Mary Lou Borgman, Appellant.

Argued May 26, 1988, before Judges DOYLE, PALLA-DINO and MCGINLEY, sitting as a panel of three.

*Daniel R. Delaney, Daniel R. Delaney & Associates,* for appellant.

*Richard S. Freyvogel,* with him, *Robert Rade Stone,* for appellee.

OPINION BY JUDGE PALLADINO, September 23, 1988:

Mary Lou Borgman (Appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) denying her motions for a new trial and judgment notwithstanding the verdict and affirming a non-jury verdict in favor of Violet Ruparcich (Appellee). For the reasons set forth below, we affirm.

Appellant and Appellee were both employed as physical education teachers by the Keystone Oaks School District (School District). On October 2, 1981, a new typewriter was delivered to the office which Appellant and Appellee shared with several other physical education teachers. When the new typewriter was delivered, it was placed on Appellant's desk instead of the "common desk" which all of the teachers in the office shared. Appellee testified at trial that when she returned to the office after a class, the office was empty. Appellee further testified that she noticed the new typewriter and began to move it to her own desk to type a note. Appellee stated that Appellant then returned to the office and a tugging match ensued over the typewriter. Appellee alleged that Appellant pushed her, knocked her off balance, and used the typewriter as a "ramming rod," thereby causing Appellee to fall backwards against a plate glass wall.

Appellant disputed this version of the incident, alleging that she was in the office first and was examining the typwriter when Appellee entered the room, screamed, and pushed her away from the typewriter. According to both versions of the events, the typewriter

fell to the floor and broke. The parties did not agree on which one of them last touched the typewriter.

Appellee brought an action in trespass and assumpsit against Appellant for personal injuries and lost wages. Appellee joined the School District as an additional defendant, contending that the School District was liable for failing to provide a safe workplace. By order dated January 6, 1987, the trial court entered a non-jury verdict in favor of Appellee in the amount of $7,137.18, finding both the School District and Appellant liable.[1]

Appellant filed post-trial motions for a new trial and/or judgment n.o.v. Appellant alleged that the trial court erred in declining to apply principles of res judicata and collateral estoppel based upon an earlier lawsuit between Appellee and the School District. Appellant also contended that Appellee's action was barred by the exclusive remedy provisions of The Pennsylvania Workmen's Compensation Act (Act).[2] Finally, Appellant argued that the verdict was excessive and unsupported by the evidence. The trial court denied Appellant's post-trial motions by order dated September 10, 1987. On appeal to this court,[3] Appellant raises the same allega-

---

[1] The School District filed post-trial motions which were denied by the trial court by order dated September 10, 1987. The School District appealed to this court, but withdrew that appeal on January 11, 1988. We note that the withdrawal of the School District would ordinarily vest the Superior Court with subject matter jurisdiction over the remaining issues raised by Appellant. However, neither of the remaining parties has objected to our appellate jurisdiction in this case.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

[3] Our scope of review of a trial court decision denying motions for judgment n.o.v. or for a new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Paxton Hollow Estates, Ltd. v. Lower Paxton Township*, 93 Pa. Commonwealth Ct. 468, 501 A.2d 1175 (1985).

tions of error. Additionally, Appellant argues that the trial court erred in refusing to apply the doctrine of comparative negligence.

In reviewing whether judgment n.o.v. is warranted, the evidence must be considered in the light most favorable to the verdict winner, who must be given the benefit of all reasonable inferences of fact arising from the evidence. *Sacco v. City of Scranton,* 115 Pa. Commonwealth Ct. 512, 540 A.2d 1370 (1988). Further, any conflict in the evidence must be resolved in favor of the verdict winner. *Township of Bensalem v. Press,* 93 Pa. Commonwealth Ct. 235, 501 A.2d 331 (1985). A judgment n.o.v. will be granted only in clear cases. *Id.*

With respect to new trial motions, a trial court's ruling on the motion will not be reversed where the ruling turns on the weight of the evidence absent an error of law or an abuse of discretion. *See Cabell v. City of Hazleton,* 96 Pa. Commonwealth Ct. 129, 506 A.2d 1001 (1986).

## Res Judicata/Collateral Estoppel

Appellant first contends that the trial court erred in declining to apply principles of res judicata and/or collateral estoppel. Appellant asserts that these principles are applicable because, in a prior action brought by the School District against Appellee, she was found liable for one-half of the damage to the typewriter.[4]

The doctrine of res judicata will bar a proceeding if four conditions are met: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the capacity of the parties suing or being sued. *Kurtz v. Workmen's Compensation*

---

[4] Appellant voluntarily paid for the other half of the damage to the typewriter.

*Appeal Board (Allied Chemical Corp.),* 95 Pa. Commonwealth Ct. 110, 504 A.2d 428 (1986).

With these requirements in mind, we note that in the first action brought by the School District, the School District sought recovery for damage to its personal property. In the action before us on appeal, Appellee sought recovery for personal injuries and lost wages. Hence, there is no identity of causes of action. *See McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). Further, the parties to the two actions are not identical—Appellant was not a party to the first action brought by the School District. Accordingly, the trial court committed no error in determining that res judicata did not bar the proceedings in the instant case.

Next, Appellant assets that the doctrine of collateral estoppel is applicable to prevent the relitigation of the issue of "fault" in the present case because Appellee was found liable in the prior action. In order for collateral estoppel to preclude relitigation of a particular issue, four conditions must be met: (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. *E-Z Parks, Inc. v. Philadelphia Parking Authority,* 103 Pa. Commonwealth Ct. 627, 521 A.2d 71, *petition for allowance of appeal denied,* 517 Pa. 610, 536 A.2d 1334 (1987).

Upon close examination of both proceedings, we conclude that the requisite identity of issues is lacking for the application of collateral estoppel. The issue of which party was at "fault" for the damage to the typewriter is not identical to or determinative of the issue of

which party was at "fault" for the altercation and resulting injuries to Appellee. Further, Appellee did not have a full and fair opportunity to litigate the issue of "fault" during the prior proceedings because Appellant was not a party to that action and had already paid to the School District one-half of the damage to the typewriter. Thus, the fact that Appellee was found liable in the first action did not establish that Appellant was not *also* at fault. Hence, the trial court did not err in refusing to apply collateral estoppel to bar relitigation of "fault."

## EXCLUSIVE REMEDY

Appellant also argues that Appellee's action against her is barred by the exclusive remedy provisions of the Act. Section 205 of the Act provides:

> If disability or death is compensable under this act, a person shall not be liable at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. §72. Appellant contends that her conduct was, at most, negligent and did not rise to the level of intentional conduct.[5]

---

[5] Appellant points to language in the trial court's opinion denying her post-trial motions as support for her contention. In addressing the issue of the School District's immunity under the Act from common law liability, the trial court found that the conflict between the two teachers arose out of personal animosity. *See* 77 P.S. §411. The trial court further stated that Appellee "has recourse to a cause of action founded in negligence." *Ruparcich v. Borgman,* (No. GD-83-16190, filed September 10, 1987), slip op. at 2. The trial court did not specifically address the question of Appellant's immunity from common law liability under the fellow employee provision.

In her complaint, Appellee alleged that Appellant "did . . . willfully, maliciously, and wrongfully assault, strike, beat, and bruise the Plaintiff." Appellee's Complaint at 3-4. Having reviewed Appellee's pleadings and the evidence adduced at trial in the light most favorable to Appellee, we conclude that Appellant's conduct was not the type which a co-employee would normally expect to find in the workplace. *See McGinn v. Valotti,* 363 Pa. Superior Ct. 88, 525 A.2d 732 (1987), *petition for allowance of appeal denied,* 517 Pa. 618, 538 A.2d 500 (1988). Accordingly, the trial court committed no error in determining that Appellee was not precluded by the exclusive remedy provisions of the Act from bringing an action against Appellant at common law.

## COMPARATIVE NEGLIGENCE

Next, Appellant argues that the trial court erred in refusing to apply the doctrine of comparative negligence either to bar Appellee's recovery or to reduce her award in proportion to the negligence attributable to Appellee.[6] However, we note that Appellant did not raise this issue in her post-trial motions. Accordingly, this ground for post-trial relief is deemed waived. Pa. R.C.P. No. 227.1

---

[6] In actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar recovery where such negligence was not greater than the causal negligence of the defendant(s) against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff. 42 Pa. C. S. §7102(a). Because the School District raised the issue of comparative negligence in its post-trial motions, the trial court addressed that issue and determined that comparative negligence was inapplicable, finding Appellee free from all liability.

## Judgment N.O.V.

Finally, Appellant contends that the verdict is excessive and against the weight of the evidence. Appellant asserts that the record does not support the trial court's determination that Appellee was free from all liability, alleging that Appellee's version of the events was not as credible as the testimony presented by Appellant.[7]

In reviewing whether judgment n.o.v. is warranted, the evidence must be considered in the light most favorable to the verdict winner, who must be given the benefit of all reasonable inferences of fact arising from the evidence. *Sacco.* Further, judgment n.o.v. is proper only when the facts are such that no two reasonable persons could disagree that the verdict was improper. *Carney v. Otis Elevator Co.*, 370 Pa. Superior Ct. 394, 536 A.2d 804 (1988). With the foregoing standard in mind, we cannot conclude that the facts of this case compel judgment n.o.v.

### Excessiveness of Verdict

Appellant also challenges the verdict of the trial court on the ground that it is excessive. Appellant alleges that the portion of the award made to reimburse Appellee for expenses incurred for chiropractic treatment is not supported by the evidence.[8] Having carefully reviewed the record in this case, we conclude that the trial court's verdict is not so excessive as to shock

---

[7] Appellant offered the testimony of two witnesses who observed the altercation in order to corroborate her own testimony. Notes of Testimony at 125-149.

[8] Appellee underwent chiropractic treatment for neck and back problems. However, Appellant contends that Appellee did not disclose to her other treating physicians that she was suffering from neck and back injuries nor that she was undergoing chiropractic treatment.

our sense of justice and therefore, we will not disturb it. *Sacco*.

Accordingly, we affirm.

### ORDER

AND NOW, September 23, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.