586 A.2d 478

Joanne R. WARD

v.

Guy A. TRUSCELLO and Northeast Philadelphia Mitsubishi, Inc. and Commonwealth of Pennsylvania, Department of Transportation.

Joanne R. WARD

v.

LOWER SOUTHAMPTON TOWNSHIP.

Appeal of LOWER SOUTHAMPTON TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 24, 1991.

Frederick T. Lachat, Jr., Gallagher, Wheeler, Reilly & Lachat, Philadelphia, for appellant.

Fred T. Magaziner, with him, Julie S. Mazza, Philadelphia, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Lower Southampton Township (Township) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied its post-trial motions and granted Joanne R. Ward's (Appellee) motion for delay damages.

The underlying action was a result of an automobile accident which occurred at the intersection of Street Road and Bustleton Pike in Feasterville, Lower Southampton Township, Bucks County, Pennsylvania, on November 25, 1983. In March, 1984, Appellee instituted an action in trespass against Guy A. Truscello (Truscello) and Northeast Philadelphia Mitsubishi (Northeast). This complaint was amended to add the Commonwealth of Pennsylvania, Department of Transportation (DOT) as a defendant in November, 1984.

In August, 1985, a second suit was instituted by writ of summons, involving the same accident, with the Township named as the sole defendant. Township served a rule to file complaint on September 30, 1985, but did not pursue sanctions for failure to file the complaint, because of assurances from Appellee's counsel that the case against the Township would not proceed. On August 5, 1988, a motion to consolidate the two actions was filed by Truscello. On September 19, 1988, a complaint was filed in the action against the Township. Township then filed preliminary objections in the nature of a challenge to jurisdiction and venue and filed an answer to the motion to consolidate, opposing the consolidation of the two cases. The trial court overruled the preliminary objections, and granted the motion to consolidate. Township then filed an answer and new

matter raising the affirmative defense of governmental immunity.

Prior to trial, Appellee settled with Truscello, Northeast and DOT for $175,000 and the case against the Township resulted in a verdict in favor of Appellee and against the Township in the amount of $800,000. Township filed motions for a new trial and to mold the verdict, and Appellee filed a motion for delay damages. The trial court denied the motion for a new trial, molded the verdict to the statutory limit of $500,000 and assessed delay damages in the amount of $279,907.50 for a total judgment of $779,-907.50. This appeal followed.

On appeal to this court, the Township raises four issues: (1) whether the trial court erred in holding that venue lay in Philadelphia County; (2) whether the trial court erred in holding that the Township could be held liable for failing to re-construct and install traffic control devices on a state highway; (3) whether the trial court erred by precluding evidence on the inability of the Township to install traffic signals on a state highway as a result of DOT'S failure to properly fund the project; and (4) whether the trial court erred in calculating delay damages.

Our scope of review of post-trial motions is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Sacco v. City of Scranton*, 115 Pa.Commonwealth Ct. 512, 540 A.2d 1370 (1988).

On the question of venue, the Township argues that because it is a political subdivision, Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. § 20043, mandates that the matter be heard in Bucks County rather than Philadelphia County. We agree.

Section 333 reads in pertinent part as follows:

Actions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may be brought in and only in a county in which the

local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

In the instant matter, the Township is located in Bucks County, the accident occurred in Bucks County, and both of the drivers were residents of Bucks County. The only way Philadelphia County had any connection with the case derived from the fact that one of the automobiles involved was owned by a Philadelphia County resident. Under the clear language of section 333, Bucks County is the only correct county for suit against the Township.

Appellee argues that the trial court was bound by the decision in *Turner v. Commonwealth*, 352 Pa.Superior Ct. 154, 507 A.2d 428 (1986), and that under *Turner*, venue was proper in Philadelphia County. However, the *Turner* court did not consider the impact of section 333, but rather relied solely upon Pa.R.C.P. No. 1006(c)[1] and Pa.R.C.P. No. 2103(b)[2].

When the impact of section 333, in conjunction with Pa.R.C.P. No. 1006 and Pa.R.C.P. No. 2103 came before this court, we concluded that section 333 was controlling, and required any suit against a political subdivision to be brought in the home county of the political subdivision. *See Jones v. Southeastern Pennsylvania Transportation Authority*, 115 Pa.Commonwealth Ct. 37, 539 A.2d 515 (1988).

Furthermore, in *Township of Whitpain v. Goldenberg*, 131 Pa.Commonwealth Ct. 144, 569 A.2d 1002 (1990), we again addressed the impact of section 333 in a case with multiple defendants, and held that "Section 333 prevails

---

**1.** Pa.R.C.P. No. 1006(c) reads as follows:

An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

**2.** Pa.R.C.P. No. 2103(b) reads as follows:

Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

when a political subdivision is a defendant in an action, whether that subdivision is a sole defendant or one of many." *Id.*, 131 Pa.Commonwealth Ct. at 148, 569 A.2d at 1004.

Accordingly, we hold that the trial court erred in concluding that venue was proper in Philadelphia County. We reverse and remand with directions to transfer this case to Bucks County [3].

## ORDER

AND NOW, January 24, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the case is remanded, for transfer to the Court of Common Pleas of Bucks County.

Jurisdiction relinquished.

---

**3.** Our resolution of the question of venue makes it unnecessary for this court to address the other issues raised by the Township.