## Bucks Co. Water & Sewer Authority v. Bensalem Township Authority

*Victor S. Jaczun,* for plaintiff.
*John T. Acton,* for defendant.
*Norman R. Segal, Assistant City Solicitor,* for additional defendant.

MIMS, *J.,* March 14, 1979—Plaintiff in this action seeks to have above-named defendants' resolutions, indicating that they would not pay certain water and sewer rate increases, declared invalid and improper and thus to have the court declare that defendants must pay the full amounts billed by plaintiff. Upper Southampton Township Authority, however, petitioned this court to join the City of Philadelphia as a defendant, and it was therefore ordered by this court that such order and petition to join a party and plaintiff's original petition for declaratory judgment should be served upon the City of Philadelphia.

After being served with the order and these petitions at its Municipal Services Building in Philadelphia, the City of Philadelphia filed preliminary objections in this court, pursuant to Bucks

County R.C.P.*266. For reasons which shall be apparent we need at this time treat at length only those objections dealing with venue, jurisdiction and specificity of the petition to join a party. Philadelphia argues that it cannot be brought as a defendant into the court of another county and bases this argument on Pa.R.C.P. 2103(b): "Rule 2103 Venue . . . (b) *Except* when the Commonwealth is the plaintiff or *when otherwise provided by an Act of Assembly*, an action against a political subdivision may be brought in and only in the county in which the political subdivision is located." (Emphasis supplied.)

However, the cases cited by Philadelphia can readily be distinguished especially since they do not include situations where the complaining party is a municipal authority. This situation is governed by the Municipalities Authorities Act of May 2, 1945, P.L. 382, §4, as amended, 53 P.S. §306, which reads in pertinent part: "B. Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but not without limiting the generality of the foregoing, the following rights and powers: . . . (b) To sue and be sued, implead and be impleaded, complain and defend *in all courts*." (Emphasis supplied.)

This court holds that the purpose of the above statutory provision would be thwarted if Pa.R.C.P. 2103(b) and that provision were read so as not to permit a municipal authority to bring Philadelphia in as a defendant in this action. Indeed it has been said that Pa.R.C.P. 2103(b) was especially intended to prevent municipal personnel from being drawn away from their work and defending in any jurisdiction of the State where a person might choose to bring suit: 6 Goodrich-Amram 2d

§2103(b):2. While such a worthy public policy is, therefore, wisely reflected in Pa.R.C.P. 2103(b), that same rule expressly admits of statutory exceptions. The statutory provision quoted, supra, is just such an exception. For it would also be against public policy to require a municipal authority always to go into another municipality's, or another municipal authority's, county. Thus this court has proper venue despite Pa.R.C.P. 2103(b)'s apparent venue restriction. The above-quoted section of the Act of May 2, 1945, 53 P.S. §306, supra, is, for purposes of Pa.R.C.P. 2103(b), a venue statute revealing clear and specific legislative intent to abrogate the common-law rule regarding venue of actions against municipalities: Danchison v. Ryon, 88 D. & C. 129 (1954). Philadelphia's objection to venue is, therefore, hereby dismissed, denied, and overruled.

• • •

Therefore and accordingly this court enters the following

## ORDER

And now, March 14, 1979, this court denies, dismisses and overrules the City of Philadelphia's objection to venue, objection to jurisdiction, demurrer, motion to strike off the petition to join a party as impertinent matter and objection that the parties lack the capacity to sue.

This court grants the City of Philadelphia's motion for a more specific petition to join a party. Upper Southampton Township Authority is hereby granted leave to file an amended petition within 20 days from this date.