507 A.2d 428

**Willie B. TURNER and Willa Turner, husband and wife**

**v.**

**COMMONWEALTH of Pennsylvania and Pennsylvania Department of Transportation and Gannett Fleming Corddry and Carpenter, Inc., and Mount Joy Township and Mount Joy Township Authority.**

**Appeal of MOUNT JOY TOWNSHIP and Mount Joy Township Authority.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1986.

Filed April 3, 1986.

John B. Willcox, Philadelphia, for appellants.

Dale G. Larrimore, Philadelphia, for appellees.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

Plaintiffs brought a cause of action in trespass arising out of an accident which occurred on April 14, 1982, in Mount Joy Township, Lancaster County, Pennsylvania. They named as defendants the Commonwealth of Pennsylvania,[1] Pennsylvania Department of Transportation, a corporation located in Camp Hill, Pennsylvania, and Mount Joy Township and Mount Joy Township Sewer Authority. Plaintiffs brought their action in Philadelphia County. On May 21, 1984, the defendant Commonwealth of Pennsylvania filed preliminary objections to the Complaint which included an objection to venue in Philadelphia County. The

---

1. In our discretion we have chosen to review this case, although jurisdiction also resides in the Commonwealth Court. *Schultz v. City of Philadelphia,* 314 Pa.Superior Ct. 194, 460 A.2d 833 (1983).

trial court denied the preliminary objections on June 18, 1984.

On July 13, 1984, the appellant, Mount Joy Township and Mount Joy Sewer Authority, filed preliminary objections which raised once again a problem to venue in Philadelphia County. Both sets of preliminary objections were opposed and responded to by the plaintiff-appellees. Then, on March 21, 1985, the Commonwealth of Pennsylvania filed a petition for change of venue to which appellees objected, and which was denied by the trial court on May 31, 1985. And on April 18, 1985, Mount Joy and Mount Joy Township filed a motion for Change of Venue or Motion for Reconsideration by their preliminary objections. This was denied by order on May 31, 1985. On June 7, 1985, appellees filed an election to deem the order final, which rendered an appeal therefrom an interlocutory one as of right pursuant to Pa.R.A.P. 311(b)(1).[2]

■ Now, on appeal, appellants contend that in refusing to transfer venue from Philadelphia to Lancaster County, the trial court disregarded Pa.R.C.P. 2103(b) governing venue in an action against a political subdivision:

Except when the Commonwealth is the plaintiff, or when otherwise provided by an Act of ... Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

And, in the case of multiple defendants, one of which is a political subdivision, all such defendants may be sued in the county of the subdivision, according to Pa.R.C.P. 1006(c). However, this rule states an exception for actions in which the Commonwealth is a party defendant, as in this case. Rule 1006(c) provides:

An action to enforce a joint or joint and several liability against two or more defendants, except actions in which

2. We are not persuaded by appellees' contention that appellants lost the opportunity to challenge venue in this case when they failed to join in the Commonwealth's initial opposition thereto. They have cited us to no authority, nor are we able to find any supporting their position.

the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

In the instant case, the lower court initially found that venue as to the Commonwealth of Pennsylvania was proper in Philadelphia County, the choice of the plaintiffs, despite the Commonwealth's request that it be transferred to Lancaster County. Therefore, when venue as to the political subdivision became an issue, which determination gave rise to this appeal, the exception of Rule 1006(c) was triggered. Because venue in Philadelphia County was proper for the Commonwealth, it must necessarily be so for Mount Joy Township and its sewer authority. The trial court was correct in refusing to transfer venue.

Appellants assert that the trial court's holding was incorrect as contradicting *Morrison v. Spears*, 298 Pa.Superior Ct. 521, 445 A.2d 110 (1982). In that case, this court, following both of the above-quoted rules, affirmed a trial court's transfer of venue from Philadelphia to Montgomery County, the location of the political subdivision defendant, the Borough of Lansdale, even though the Commonwealth was also a party defendant. However, in that case, no prior determination of proper venue as to the Commonwealth had been made. As the trial court held, this fact distinguishes *Morrison v. Spears*, from the instant situation.

Appellants also argue that the trial court erred under the doctrine of *forum non conveniens*. Pa.R.C.P. 1006(d). A court looks to the interests of the litigants in deciding whether to transfer venue under this doctrine including

> relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises ...; and all other practical problems that make trial of a case expeditious and inexpensive. *Daugherty v. Inland Tugs Company*, 240 Pa.Superior Ct. 527, 530, 359 A.2d 465, 466 (1976) in *Fox v. Pennsylvania Power and*

158

*Light Co.*, 315 Pa.Superior Ct. 79, 81–2, 461 A.2d 805, 806 (1983).

Applying these considerations to the instant case, unlike the situation in *Fox, supra,* no single county emerges as the convenient forum. While the accident did occur in Lancaster County, and appellants' fact witnesses are present there, various other counties also have ties to the instant litigation. For example, the injured plaintiff resides in Bucks County, other fact witnesses are residents of at least five other counties and two states, and the treating physicians practice in Philadelphia and two surrounding counties. In light of these circumstances, we cannot hold that the trial court abused its discretion in refusing to transfer the case from the plaintiffs' choice of forum, which is entitled to weighty consideration and should not be disturbed lightly. *Walker v. The Ohio River Company*, 416 Pa. 149, 152, 205 A.2d 43, 45 (1964).

For the above reasons, the order of the trial court is affirmed.