539 A.2d 515

Ronald Jones *v.* Southeastern Pennsylvania Transportation Authority, et al. Upper Moreland Township, Appellant.

Argued February 24, 1988, before Judges CRAIG, MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Maria Zulick, Marshall, Dennehey, Warner, Coleman and Goggin,* for appellant.

*Eric Birnbaum,* for appellee, Ronald Jones.

*Philip E. Berens,* for appellee, Southeastern Pennsylvania Transportation Authority.

*Robert P. McWilliams,* with him, *Phillip B. Silverman,* for appellees, L.K.H. Development Company.

OPINION BY SENIOR JUDGE BARBIERI, March 30, 1988: Additional Defendant Upper Moreland Township (Township) appeals from the order of the Court of Com-

mon Pleas of Philadelphia County denying its motion for judgment on the pleadings or in the alternative change in venue to Montgomery County. We affirm the order of the trial court.

On March 2, 1984, an automobile driven by Ronald Jones (Plaintiff) was struck by a Southeastern Pennsylvania Transportation Authority (SEPTA) train at a grade crossing on Davisville Road in Upper Moreland Township, Montgomery County. Plaintiff instituted suit in Philadelphia County joining the Township as a defendant on a theory that the Township had failed to properly maintain traffic and warning signals at the grade crossing. The Township responded with an answer and new matter to the complaint and when the pleadings were closed filed the instant motion for judgment on the pleadings or in the alternative change in venue asserting that as a local government agency under Section 333 of the JARA Continuation Act of October 5, 1980, P.L. 693, 42 P.S. §20043 it could only be sued in Montgomery County.

The trial court denied the Township's motion, holding that where there were multiple defendants and venue in Philadelphia County was proper as to one of them, as it was to SEPTA, a political subdivision may be sued in a county other than where it is located under *Peaceman v. Cades*, 272 Pa. Superior Ct. 568, 572, 416 A.2d 1042, 1044 (1979). The Township appealed to the Superior Court which transferred the case to this Court pursuant to 42 Pa. C. S. §762(a)(7) to interpret the *Peaceman* decision in light of 42 Pa. C. S. §20043 and determine whether an action in which a political subdivision is one of several defendants may proceed in a county other than that in which the political subdivision is located. *Jones v. SEPTA*, 362 Pa. Superior Ct. 644, 520 A.2d 1220 (1986).

We begin by examining the Rules of Civil Procedure dealing with venue in cases of multiple defendants, specifically Pa. R.C.P. No. 1006(b), (c) and 2103(b) which read in pertinent part as follows:

> *Pa. R.C.P. No. 1006(b):* Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103. . . .

> *Pa. R.C.P. No. 2103(b):* Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

> *Pa. R.C.P. No. 1006(c):* An action to enforce a joint or several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

The circuitous reasoning embodied in these provisions has given rise to a good deal of confusion. In a case with multiple defendants and no Commonwealth defendant, Rule No. 1006(c) controls and venue is proper for the political subdivision if it is proper for *any* defendant. *Peaceman v. Cades,* 272 Pa. Superior Ct. 568, 416 A.2d 1042 (1979). However, when there is a Commonwealth defendant, Rule No. 1006(b) and 2103(b) control and venue is only proper where the political subdivision is located, *Turner v. Commonwealth,* 352 Pa. Superior Ct. 154, 507 A.2d 428 (1986), *unless* a prior determination of venue for the Commonwealth has been made. *Morrison v. Spears,* 298 Pa. Superior Ct. 521, 445 A.2d 110

(1982). It is the Township's contention that Section 333 of the Act sweeps this mass of confusion away and mandates that venue for any case in which a political subdivision is a defendant is the home county of the political subdivision.

> Section 333 of the Act reads in pertinent part: Actions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

The Township is correct, but unfortunately has failed to read the remaining content of Pa. R.C.P. No. 1006, specifically 1006(e) which states:

> Improper venue shall be raised by preliminary objection and if not so raised shall be waived.

The Township did not file preliminary objections in this case. The Township did file an answer and new matter and by pleading to Plaintiff's complaint waived any objections to venue. Pa. R.C.P. No. 1032(1). *Wolf v. Weymers,* 285 Pa. Superior Ct. 361, 427 A.2d 678 (1981); *Hohlstein v. Hohlstein,* 223 Pa. Superior Ct. 348, 296 A.2d 886 (1972). *See also City of Philadelphia v. Silverman,* 91 Pa. Commonwealth Ct. 451, 454 n.1, 497 A.2d 689, 691 n.1 (1985). The order of the trial court will be affirmed.

## Order

Now, March 30, 1988, the order of the Philadelphia Court of Common Pleas at No. 2216, July Term, 1985, dated December 30, 1985, is affirmed.