569 A.2d 1002

**TOWNSHIP OF WHITPAIN and Board of Supervisors of Whitpain Township, Appellants,**

**v.**

**Louis GOLDENBERG, Chrysler Motor Corporation and Philadelphia Electric Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided Feb. 2, 1990.

Petition for Allowance of Appeal Denied July 17, 1990.

L. Rostaing Tharaud, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for appellants.

Joseph R. Podraza, Jr., with him, Ira W. Bushman, Abrahams, Loewenstein, Bushman & Kauffman, Philadelphia, for appellee, Louis Goldenberg.

Joseph M. Donley, with him, Gardenia L. Brooman, Kittredge & Donley, Philadelphia, for appellee, Philadelphia Elec. Co.

Before DOYLE, BARRY and PALLADINO, JJ.

DOYLE, Judge.

This is an appeal by permission from an interlocutory order of the Court of Common Pleas of Philadelphia County dismissing the preliminary objections of the Township of Whitpain, Montgomery County, and the Board of Supervisors of Whitpain Township (collectively Appellants). Appellants objected to venue in Philadelphia County.

Louis Goldenberg, Appellee, brought an action against the Township of Whitpain, Chrysler Motor Corporation and Philadelphia Electric Company following an accident in Whitpain Township, Montgomery County, in which Goldenberg struck a telephone pole. He filed suit in Philadelphia County where Chrysler and Philadelphia Electric could be served. Appellants objected to venue in Philadelphia claiming that because the Township is a political subdivision, venue is dictated by Section 333 of the JARA Continuation Act of 1980,[1] 42 P.S. § 20043, to be in Montgomery County in this instance.

Pa.R.C.P. No. 2103(b) reads as follows:

Except when the Commonwealth is the plaintiff or when *otherwise provided by an Act of Assembly,* an action against a political subdivision may be brought only in the

---

1. Act of October 5, 1980, P.L. 693.

county in which the political subdivision is located. (Emphasis added.)

Section 333 reads in pertinent part:

Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

Section 333, enacted by the JARA Continuation Act of 1980 added two possible places of venue to Rule 2103(b): 1) where the cause of action arose, 2) where the transaction or occurrence took place out of which the cause of action arose.

Rules of civil procedure are promulgated by the Pennsylvania Supreme Court pursuant to Article V, § 10(c) of the Pennsylvania Constitution, which gives the Supreme Court exclusive dominion to establish rules for venue. Therefore, Rule 2103(b) would prevail over Section 333 if there were a conflict. We find, however, that no such conflict exists, as Rule 2103(b) clearly provides that the legislature may preempt this rule by an "act of the assembly." This preemption has been accomplished by Section 333.

Venue in the case sub judice is therefore governed by Section 333 and must be laid in Montgomery County. The placing of venue in Montgomery County satisfies two legs of the statute: 1) it is the place where the Township is located and 2) it is the place where the accident occurred.

The trial court ruled that venue was controlled by Pa.R. C.P. No. 1006(b) and (c) and by *Peaceman v. Cades*, 272 Pa.Superior Ct. 568, 416 A.2d 1042 (1979), (which interpreted the rules of procedure for venue when a political subdivision is a party). Pa.R.C.P. No. 1006(b) and (c) pertinently provide:

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following

rules: political subdivisions, Rule 2103 ... corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

*Peaceman* held that when a political subdivision is one of two or more defendants, an action may be brought in any county where venue may be laid against any one of the defendants as provided in Pa.R.C.P. No. 1006(c). *Peaceman*, however, was decided the year before Section 333 was enacted. At that time the "statutory exception", *i.e.*, the Act of October 5, 1980, P.L. 693, 42 P.S. § 20043, extending Rule 2103(b) did not exist. Therefore, a political subdivision could be sued, according to Rule 1006(b) (which refers the reader to 2103(b)) *only* in the county where the township was located. Judge Cercone understandably concluded in *Peaceman* that such a restriction did not apply when a political subdivision was one of two or more defendants because all defendants would be limited to only one choice of venue.

The year following the *Peaceman* decision, the legislature accepted the invitation of the Supreme Court in Rule 2103(b) and enacted Section 333 which extends that Rule. It is clear, therefore, that the intention of both the Supreme Court and the General Assembly is that a political subdivision may now be sued in one of three places:

1. Where the political subdivision is located.

2. Where the cause of action arose.

3. Where the transaction or occurrence took place out of which the cause of action arose.

The addition of two possible locations where a political subdivision may defend certainly allows for liberal venue options in the case of multiple defendants.

Even though Section 333 extends Rule 2103(b), when Rule 2103(b) is read in conjunction with Rule 1006(c) it becomes evident that one needs to employ the rules of construction promulgated by the Supreme Court of Pennsylvania in order to establish priorities. One such rule of construction, Pa.R.C.P. No. 132, provides:

> Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the particular provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be promulgated later and it shall be the manifest intention of the Supreme Court that such general provision shall prevail.

Because Rule 2103(b) is a particular provision, it would prevail over the more general Rule 1006(c). Therefore, Section 333, which now mandates the particular rule for political subdivisions, prevails also.

For the above reasons we hold that Section 333 prevails when a political subdivision is a defendant in an action, whether that subdivision is a sole defendant or one of many. We reverse and remand with directions to transfer this case to Montgomery County.

## ORDER

NOW, February 2, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed. This case is remanded to the Court of Common Pleas of Philadelphia with with directions to transfer it to the Court of Common Pleas of Montgomery County.

Jurisdiction relinquished.