614 A.2d 235

Joanne R. WARD, Appellant,

v.

LOWER SOUTHAMPTON TOWNSHIP, Appellee.

Appeal of Guy A. TRUSCELLO and Northeast Philadelphia Mitsubishi, Inc. and Commonwealth of Pennsylvania Department of Transportation.

Supreme Court of Pennsylvania.

Argued April 9, 1992.

Decided Oct. 2, 1992.

Fred T. Magaziner, Julie S. Mazza, Philadelphia, for Joanne R. Ward.

Frederick T. Lachat, Jr., Philadelphia, for Lower Southampton Tp.

Dennis L. Platt, Philadelphia, for Guy A. Truscello and Northeast Philadelphia Mitsubishi, Inc.

Cara D. Greenhall, Philadelphia, for Com., Dept. of Transp.

Before FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION

ZAPPALA, Justice.

The Appellant, Joanne R. Ward, received serious injuries on November 25, 1983, as the result of a two-vehicle collision at the intersection of Bustleton Pike and Street Road in Lower South Hampton Township, Bucks County, Pennsylvania. Both Appellant and the driver of the other vehicle, Guy Truscello (Truscello), were residents of Bucks County. At the time of the accident, Truscello was operating his vehicle as a employee of Northeast Philadelphia Mitsubishi, Inc. (Mitsubishi) in the course of his employment.

In March of 1984, the Appellant initiated a lawsuit in Philadelphia County against Truscello, Mitsubishi and the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) alleging that Truscello operated his vehicle in a negligent manner and that PennDOT created a dangerous condition in the planning, design, engineering and maintenance of the intersection of Bustleton Pike and Street Road.

Thereafter, in August of 1985, the Appellant initiated a second lawsuit in Philadelphia County against the Appellee, Lower Southampton Township. In response to a Rule to File a Complaint, the Appellant filed a complaint alleging that the accident was caused by the Township's failure to provide adequate traffic signals or to properly design and maintain traffic signals at the subject intersection. Appellant also filed a Motion to Consolidate the two actions.

In response to Appellant's Complaint and Motion to Consolidate, the Township filed preliminary objections challenging

the jurisdiction and venue of the Court of Common Pleas of Philadelphia County and a Response Opposing the Appellant's Motion to Consolidate. Citing *Turner v. Commonwealth,* 352 Pa.Super. 154, 507 A.2d 428 (1986), the trial court overruled the preliminary objections and then granted Appellant's Motion to Consolidate. The matter then proceeded to a jury trial in Philadelphia County.

Prior to trial, Truscello, PennDOT and Mitsubishi settled with the Appellant for $175,000.00. Trial then proceeded against the Township and resulted in a verdict in favor of the Appellant and against the Township in the amount of $800,-000.00. In making its determination, the jury found Truscello and PennDOT not negligent and the Appellant not contributorily negligent, but concluded that the sole cause of the accident was the Township's negligence. The trial court then molded the verdict from $800,000.00 to $500,000.00 as required under 42 Pa.C.S.A. § 8553(b); awarded delay damages of $279,907.50 and entered a verdict in Appellant's favor in the amount of $779,907.50.

The Township filed post-trial motions asserting that the trial court erred in its determination that venue was proper in Philadelphia County. After the trial court denied the Township's post-trial motions and entered judgment in favor of the Appellant, the Township appealed to Commonwealth Court which reversed the trial court and remanded the matter to the Court of Common Pleas of Bucks County for a new trial. 137 Pa.Cmwlth. 349, 586 A.2d 478. We then granted allocatur in light of the conflicting decisions in the Superior Court and Commonwealth Court regarding the interplay of Section 333 of JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 Pa.S. § 20043 and Pa.R.C.P. 1006(c), and now affirm.

This appeal is controlled by the interpretation and interplay of Section 333 and two rules of civil procedure set forth as follows:

Actions under subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may

be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

Section 333 JARA, 42 Pa.S. § 20043.

An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

Pa.R.C.P. 1006(c).

Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

Pa.R.C.P. 2103(b).

Appellant argues that Section 333 and Pa.R.C.P. 2103(b) only apply to a lawsuit in which a political subdivision is the only defendant. In that case, suit must be commenced in the County in which the political subdivision in located, where the cause of action arose, or where a transaction occurred out of which the cause of action arose. However, when a political subdivision is one of several defendants in a lawsuit, Pa.R.C.P. 1006(c) applies and a complaint may be filed in any county in which any of the defendants is subject to venue. Like the trial court, the Appellant relies on the Superior Court decision in *Turner* in support of her argument.[1]

In *Turner*, the plaintiff commenced a lawsuit against the Commonwealth, Mt. Joy Township (Township) and Mt. Joy Township Sewage Authority (Authority) in Philadelphia County. Both the Township and Authority are political subdivi-

1. At oral argument, Appellant also argued that the appeal is controlled by *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989). In *Okkerse*, there was no discussion of the interplay of Section 333 and Rules 1006(c) and 2103(b), only a conclusory statement that jurisdiction was proper in Philadelphia County. Accordingly, we decline to find *Okkerse* controlling in this appeal.

sions of Lancaster County. Upon consideration of preliminary objections to venue, the trial court and Superior Court relied upon Pa.R.C.P. 1006(c) and concluded that since venue was proper in Philadelphia County with respect to the Commonwealth, the Township and Authority could be sued in Philadelphia County. The rationale for this determination was that when the Commonwealth was included as a party defendant, an action could not be commenced in a county where any one of several defendants resided, but only in the county where the Commonwealth could be sued. Since venue was proper in Philadelphia County with respect to the Commonwealth, the authority of Pa.R.C.P. 1006(c) permitting venue in any county where any one of the defendants was found was inapplicable. Thus, the Court of Common Pleas of Philadelphia County was not required to transfer the matter to Lancaster County. Finally, it is important to note that the Superior Court apparently was not asked and therefore did not consider the interplay of Section 333 with Pa.R.C.P. 1006(c).

In response to the Appellant's argument, the Township cites to *Jones v. Southeastern Pennsylvania Transportation Authority*, 115 Pa.Cmwlth. 37, 539 A.2d 515 (1988) and *Township of Whitpain v. Goldenberg*, 131 Pa.Cmwlth. 144, 569 A.2d 1002 (1990), alloc. den., sub nom *Goldenberg v. Chrysler Motor Corp.*, 525 Pa. 660, 582 A.2d 326 (1990). Both of these cases were relied upon by the Commonwealth Court in the appeal *sub judice* in reversing the trial court.

In *Jones,* the plaintiff's vehicle was struck by a SEPTA train at a grade crossing in Upper Moreland Township, Montgomery County. Plaintiff filed a complaint in Philadelphia County against the Township alleging that the Township had failed to properly maintain traffic and warning signals at the grade crossing. The Township requested a change of venue asserting that as a local agency under Section 333, it could only be sued in Montgomery County. The trial court denied the Township's request holding that where there were multiple defendants and venue was proper in Philadelphia County

as to one of the defendants, namely SEPTA, a political subdivision may be sued in a county other than where it is located. On appeal, Commonwealth Court held that the proper venue for a lawsuit against a political subdivision under Section 333 is the home county of that political subdivision. However, because the Township failed to properly raise the issue of venue in preliminary objections, the Commonwealth Court affirmed the trial court's refusal to transfer the matter to Montgomery County.

Finally, in *Township of Whitpain*, the plaintiff filed a complaint in Philadelphia County against the Township, Chrysler Motor Corporation and Philadelphia Electric Company following an automobile accident in Whitpain Township, Montgomery County. The Township filed preliminary objections arguing that proper venue was in Montgomery County under Section 333. After the preliminary objections were dismissed, the Township appealed to Commonwealth Court which reversed the lower court's determination.

Analyzing the prior cases regarding venue, as well as Pa. R.C.P. 2103(b), Pa.R.C.P. 1006(c) and Section 333 of JARA, the Commonwealth Court concluded that Section 333 controlled when the Commonwealth was not a plaintiff. Support for this conclusion was found in Pa.R.C.P. 2103(b) when this Court provided authority to the Legislature to expand the locations where venue may be proper when a political subdivision is sued. By including the language "or when otherwise provided by an Act of Assembly" in Rule 2103(b), we permitted the Legislature to designate other locations other than a home county where a political subdivision can be sued. Under Section 333, the Legislature designated two other locations as a proper location for venue when a political subdivision is a defendant, where the cause of action arose or where the transaction or occurrence took place out of which the cause of action arose.[2]

2. Thus, when Appellant argues that the Legislature has usurped our rule-making authority under the Constitution by enacting Section 333, she is clearly incorrect.

Lastly, the Commonwealth Court was cognizant of an apparent conflict between Rules 1006(c) and 2103(b). In resolving this conflict, the court noted that we have provided rules of construction to meet such situations. The court correctly stated:

Even though Section 333 extends Rule 2103(b), when Rule 2103(b) is read in conjunction with Rule 1006(c) it becomes evident that one needs to employ the rules of construction promulgated by the Supreme Court of Pennsylvania in order to establish priorities. One such rule of construction, Pa.R.C.P. 132, provides:

Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the particular provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be promulgated later and it shall be the manifest intention of the Supreme Court that such general provision shall prevail.

Because Rule 2103(b) is a particular provision, it would prevail over the more general Rule 1006(c). Therefore, Section 333, which now mandates the particular rule for political subdivisions, prevails also.

131 Pa.Cmwlth. at 146, 569 A.2d at 1004.

Based upon the foregoing analysis of the two contrary positions, it is clear that the position adopted by the Commonwealth Court is analytically more sound. We decline to limit the application of Rule 2103(b) to those situations in which the political subdivision is the only defendant. Nothing in that rule limits its application to such a scenario. Furthermore, nothing in Rule 1006(c) specifically relates that rule to a political subdivision. Therefore, the specificity of Rule 2103(b) must control the generality of Rule 1006(c) and permit a lawsuit to be commenced against a political subdivision only in

the county in which the local agency is located, in which the cause of action arose or where a transaction or occurrence took place of which the cause of action arose.

The Order of the Commonwealth Court is affirmed.[3]

NIX, C.J., and LARSEN, J., did not participate in the consideration or decision of this case.

McDERMOTT, J., did not participate in the decision of this case.

**3.** Appellant also argues that the Commonwealth Court erred in remanding the matter to the Court of Common Pleas of Bucks County for a new trial. She argues that Pa.R.C.P. 213.1 *requires* the new trial to be held in Philadelphia County, thereby making this appeal ludicrous.

Appellant is clearly wrong. Rule 213.1 permits a court in which the complaint was first filed to hold a hearing and determine whether to stay the proceedings or order coordination of the proceedings and if so at which location. If the court orders the actions to be coordinated it may transfer all further proceedings in that court to the court in which any other matters are pending. Pa.R.C.P. 213.1(d)(2). Therefore, we cannot (as apparently Appellant is) presume how the Court of Common Pleas of Philadelphia County will exercise its discretion under Rule 213.1. It may be that after taking testimony and realizing that the parties are residents of Bucks County, the accident occurred in Bucks County and that the only remaining defendant in interest is from Bucks County, that under Rule 213.1(d)(2), the matter should be transferred to Bucks County for trial. In any event, we will not prejudge any determination to be made under Rule 213.1 and therefore decline to adopt the Appellant's argument regarding the Commonwealth Court's order of remand.