**PACE CONSTRUCTION MANAGERS, INC.**

v.

**MUNCY SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2006.
Decided Nov. 2, 2006.
Reargument Denied En Banc
Dec. 22, 2006.

---

J. David Smith and Brian J. Bluth, Williamsport, for appellant.

Robert M. Buttner, Scranton, for appellee.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

This is a declaratory judgment action, brought by a contractor, in which the Lackawanna County Court of Common Pleas (trial court) declared a provision of a construction contract between a contractor, Pace Construction Managers, Inc. (Pace), and Muncy School District (District) to be unconscionable.[1] The primary issue before this Court is whether Lackawanna County was the proper venue for this case, or whether the case should have been heard before the Lycoming County Court of Common Pleas, the county which is home to District.

The relevant facts for this appeal are not contested. Pace is a Pennsylvania corporation with offices in Scranton, Lackawanna County, Pennsylvania. District is located in Muncy, Lycoming County, Pennsylvania. District sought to renovate and reconstruct its Ward L. Myers Elementary School. Pursuant to Section 751 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 7-751,[2] District sought and obtained

---

1. The Declaratory Judgments Act provides that, "[a]ny person interested under a ... written contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder." 42 Pa.C.S. § 7533. Additionally, "[a] contract may be construed ... before ... there has been a breach." 42 Pa.C.S. § 7534.

2. This section requires competitive bidding of construction and reconstruction work that is in excess of $10,000:

All construction, reconstruction, repairs, maintenance or work of any nature, including the introduction of plumbing, heating and ventilating, or lighting systems, upon any school building or upon any school property, or upon any building or portion of a building leased under the provisions of section 703.1, made by any school district, where the entire cost, value, or amount of such construction, reconstruction, repairs,

bids for the work. Pace submitted a bid on the project, which proved to be the successful bid, and District awarded Pace the contract. Pace and District formally entered the contract in April, 2002.

In the latter part of 2003, Pace initiated a declaratory judgment action in the Lackawanna County Court of Common Pleas, asking the trial court to declare a provision of the contract unconscionable and to strike it from the contract documents. (Amended Compl., Prayer for Relief.)

The declaratory judgment action did not involve any disputes with the on-going construction work, but focused solely on whether Section 4.9.1 of the contract was unconscionable. Section 4.9.1 essentially required Pace to be liable for District's attorney costs under three circumstances when there were disputes between the two parties. The circumstances were: (1) Pace was not 100% successful in any claims it had against District; (2) Pace was not 100% successful in defending claims brought by District against Pace; and/or (3) District determined that the number of Pace's claims was excessive. Specifically, Section 4.9.1 provides:

> To the extent the Contractor pursues a claim or litigation against the Owner and the Owner prevails, partially or completely, on any or all of its own claims or defenses to the Contractor's claims, leaving the Contractor with less than 100 percent recovery, the Contractor will be liable for any and all attorneys' fees, professional fees, costs or expenses of the Owner, as well as the true cost [of] any of the Owner's employee's time, associated with analyzing any claim, pursuing litigation or defending the claim or litigation. Further, to the extent any Contractor makes an excessive number of claims, which excessiveness shall be determined solely in the discretion of the Owner, and the Owner incurs any attorneys' fees, professional fees, expenses, costs (including employees), Contractor shall be liable for such cost or expenses.

(Document 00800—SUPPLEMENTARY CONDITIONS.) Pace argued that this section "is a standardized threat which can be employed to intimidate parties such as Plaintiff into forgoing legitimate legal action by confronting such party with the possibility of incurring unreasonable attorneys fees and costs associated with litigation." (Amended Compl. ¶ 11.) Pace also argued that this provision "violates public policy and should be declared void in that such is repugnant to notions of due process, equal protection, justice and fair play." (Amended Compl. ¶ 12.)

District filed preliminary objections to Pace's Amended Complaint, arguing that, per Pennsylvania Rule of Civil Procedure (Rule) 2103, venue lay in Lycoming County, the county in which the political subdivision was located, and not Lackawanna County. Alternatively, District argued that, even if Rule 2103(b) does not apply, venue is not proper in Lackawanna County because all the work to be performed under the contract is in Lycoming County, and the agreement was entered in Lycoming County when the District Superintendent signed it in Lycoming County. In the preliminary objections, and also in a letter to the trial judge, District requested a hearing as to the situs of contract formation. (Letter to Honorable Trish Corbett from Brian J. Bluth (February 17, 2004).)

---

maintenance or work, including labor and material, shall exceed ten thousand dollars ($10,000), shall be done under separate contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids. 24 P.S. § 7–751(a).

Without conducting a hearing, by Memorandum and Order dated August 12, 2004, the trial court overruled the objections noting that, in accordance with Section 333 of the Judiciary Act Repealer Act (JARA), Continuation Act of 1980, Act of October 5, 1980, P.L. 693, *as amended,* 42 P.S. § 20043, venue lies either where the local agency is located, where the cause of action arose, "or where a transaction or occurrence took place out of which the cause of action arose." The court reasoned that:

Clearly, a factual issue exists regarding the situs of the contract. Since the pleadings raise a factual issue as to where the ultimate formation of the contract occurred, it would be error for this Court to sustain Defendant's Preliminary Objections or transfer venue. Moreover, even if there was no factual issue, there is [sic] more than sufficient transactions and occurrences which occurred in Lackawanna County to warrant venue.

(Trial Ct. Memorandum Opinion on Preliminary Objections, 8/12/04 at 5.) District moved for reconsideration of this determination, which the trial court denied by Order dated December 3, 2004.

The trial court scheduled oral argument on the merits of the case and, prior to argument, each side filed a brief in support of its position. It does not appear that the trial court ordered, or that the parties voluntarily submitted a joint statement of uncontested facts, or individual proposed findings of fact. The briefs submitted by the parties were limited to a discussion of the legal issues.

The trial court heard argument and, subsequently, issued an Order and Memorandum Opinion on March 23, 2006, finding the clause to be "substantively unconscionable," ruling in favor of Pace, and granting its requested relief. (Trial Ct. Decision on Merits, 3/23/06, at 7.)[3]

District appeals to this Court, arguing that the trial court erred in finding venue in Lackawanna County. Alternatively, District argues that the trial court erred in finding the contract provision unconscionable.[4]

■ We first address whether venue is appropriate in Lackawanna County. District argues that it is a political subdivision for venue purposes and that, under Rule 1006, venue lies in the county in which the subdivision is located. We agree.

Rule 1006 provides that: "(b) Actions against the following defendants may be brought in and only in the counties desig-

---

**3.** In reaching this decision, the trial court noted that the clause "allows [District] to exercise contentious behavior under the contract and be no worse off for doing the same." (Trial Ct. Decision on Merits, 3/23/06 at 7.) Additionally, "[t]he clause is also unfair since it unreasonably deters Pace from pursuing litigation, while encouraging Muncy to pursue litigation." (Trial Ct. Decision on Merits, 3/23/06 at 8.) The court noted that Pace needs only be "off by one (1) cent on its claim" to be responsible for District's costs and expenses, while District need only be partially correct to have Pace cover District's costs and expenses. (Trial Ct. Decision on Merits, 3/23/06 at 8.) Additionally, the trial court found the use of the word "excessive" unfairly places too much discretion with the District. The trial court reasoned this language favors District, as the contract's drafter, "in such a way that it is unlikely Pace could comprehend its ramifications." (Trial Ct. Decision on Merits, 3/23/06 at 8.) Accordingly, the trial court found Section 4.9.1. to be "[v]oid as a matter of law" because it was "both substantively and procedurally unconscionable" and "[a]gainst public policy and void since" it "creates unfair surprise...." (Trial Ct. Order 3/23/06.)

**4.** Our standard of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Irish v.Lehigh County Hous. Auth.,* 751 A.2d 1201, 1203, n. 4 (Pa.Cmwlth.2000).

nated by the following rules: political subdivisions, Rule 2103." Under Rule 2103(b), "(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, *an action against a political subdivision may be brought only in the county in which the political subdivision is located.*" *Id.* (emphasis added). District correctly notes that a school district is a political subdivision and that, under Rules 1006(b) and 2103(b), venue was proper *only* in the county in which it was located. *Alan Wood Steel Co. v. Sch. Dist. of Philadelphia,* 425 Pa. 455, 229 A.2d 881 (1967) (finding that the school district was a political subdivision such that, under Rule 2103(b), venue was proper only in the county in which the school district was located). Accordingly, the trial court erred in not granting District's Preliminary Objections based on venue.

■ We are not persuaded by Pace's argument that Section 333 of JARA is applicable, nor on its reliance in support of this argument on *Ward v. Lower Southampton Township,* 531 Pa. 532, 614 A.2d 235 (1992), and *Township of Whitpain v. Goldenberg,* 131 Pa.Cmwlth. 144, 569 A.2d 1002 (1990). Section 333 provides that:

> The act of November 26, 1978 (P.L. 1399, No. 330), known as the "Political Subdivision Tort Claims Act," is repealed. Actions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. No interest shall accrue in any such action

prior to any entry of judgment. A local agency may intervene in any action brought against an employee thereof for damages on account of an injury to a person or property based on claims arising from, or reasonably related to, the office or the performance of the duties of the employee.

42 P.S. § 20043. The plain language of the statute limits Section 333 of JARA's venue language to "Actions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes...." 42 P.S. § 20043. Subchapter C of Chapter 85 contains the governmental immunity provisions that had formerly been in Title 53 as the Political Subdivisions Tort Claims Act.[5] As the present case is a contract action, and not one brought under the above-listed subchapter, Section 333 of JARA's venue provisions are inapplicable. Pace is correct that the Pennsylvania Supreme Court, in *Ward,* (as did this Court in *Whitpain*), uses broad language in its discussion, which could be read to extend venue in all types of actions against a subdivision. For instance, the Pennsylvania Supreme Court stated, in *Ward,* that:

> By including the language "or when otherwise provided by an Act of Assembly" in [Rule] 2103(b), we permitted the Legislature to designate other locations other than a home county where a political subdivision can be sued. Under Section 333, the Legislature designated two other locations as a proper location for venue when a political subdivision is a defendant, where the cause of action arose or where the transaction or occurrence took place out of which the cause of action arose.

---

5. The Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101– 5311.803, repealed by the Act of October 5, 1980, P.L. 693.

531 Pa. at 537, 614 A.2d at 237. However, the facts of *Ward* (an individual suing a township for failing to provide adequate traffic signals at an intersection within the Township) and *Whitpain* (an individual suing a Township, among others, for injuries sustained in a traffic accident when plaintiff drove into a telephone pole) clearly fall within Subchapter C of Chapter 85 of the statute, and limit the holdings of these cases to personal injury cases discussed by that subchapter.

■ We also disagree with Pace's argument that District waived all its arguments by failing to raise them in Rule 227.1 post-trial motions. Pace cites to the comment to Rule 1038.1 to argue that, even in cases submitted on stipulated facts, "post-trial practice" applies and that, under Rule 227.1, post-trial motions must be pursued before bringing an appeal *Motorists Mut. Ins. Co. v. Pinkerton*, 574 Pa. 333, 830 A.2d 958 (2003).

There are specific procedural rules regarding venue. Under Rule 1006(e), "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." In this case, District appropriately raised the issue by preliminary objection and, in fact, filed a subsequent motion asking the trial court to reconsider its earlier decision.

Pace is correct that the post-trial motion requirements of Rule 227.1 [6] are applicable in declaratory judgment actions that have proceeded to trial, *Motorists Mutual Insurance Company*, and that in this case, District did not file post-trial motions. However, post trial motions are not necessary when there has been no trial. *Gen. Accident Ins. Co. v. Allen*, 547 Pa. 693, 692 A.2d 1089 (1997).[7] District contends that there was no trial but rather, the trial court decided the legal issues preliminarily, in the nature of a resolution by summary judgment, or judgment on the pleadings. As such, District contends that it was not required to file a Rule 227.1 motion.

We must determine whether there was a trial below which would trigger the requirements of Rule 227.1. Based on our

---

**6.** The note to the Rule provides that:
> The motion for post-trial relief replaces the following motions and exceptions: ... exceptions following the decision of the judge in a trial without jury.

Pa. R.C.P. No. 227.1. Rule 227.1(b)(2) requires pre-trial issues to be raised in post-trial motions:
> (b) Except as otherwise provided by Pa. R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
>
> . . . .
>
> (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa. R.C.P. No. 227.1(b)(2). As discussed by the Pennsylvania Supreme Court:
> The venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Pa.R.Civ.P. 227.1 (Ex-

planatory Comment–1995, I.b). Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this critical gatekeeping function, while doing little to expedite appellate review.

*Motorists Mut. Ins. Co.*, 574 Pa. at 344, 830 A.2d at 964.

**7.** Our Supreme Court has concluded that:
> where a trial court enters a declaratory order following a trial, parties must file post-trial motions from that order, as they would in any other civil proceeding, before the order may be deemed a final order for purposes of an appeal. On the other hand, where the trial court enters a declaratory order based on a pre-trial motion the parties are obviously not required to abide by the post-trial practice rules governing civil proceedings.

*Motorists Mut. Ins. Co.*, 574 Pa. at 342, 830 A.2d at 963 (2003).

review of the record, we do not believe there was such a trial for the following reasons.

First, although a trial court does not need to make specific factual findings in numbered paragraphs in a trial without jury, see Rule 1038(b)(dealing with rules for trial without jury), there are no factual findings in the trial court's determination nor is there any indication that this case was submitted on stipulated facts, under Rule 1038.1 (dealing with rules for case submitted on stipulated facts). It does not appear that any evidence was admitted by the court: the contract at issue was only attached to the complaint.

Second, the language of the order contains no reference to it being issued following non-jury trial, or a "closing argument," but rather: "after consideration of the Defendant, Pace Construction Managers, Inc's Action for Declaratory Judgment, the briefs filed by the parties and oral argument. . . ." (Tr. Ct. Order 3/23/2006). Similarly, the order scheduling argument simply identified it as an "oral argument on Action for Declaratory Judgment. . . ." (Tr. Ct. Order 12/12/2005.)

Finally, the docket itself indicates that this was not a trial. There is no order scheduling trial, non-jury or otherwise, and no docket entry for a jury or non-jury trial. There is no indication in the docket that the trial court even conducted a hearing on the matter, and there is no transcript of any proceedings before the trial court. The evidence at issue, mainly the contract, seems to be before the court solely because it was attached to Pace's pleading.

Given the lack of any order scheduling a trial, the lack of any factual findings or stipulations, the lack of evidence and a transcript, the existence only of an argument after briefs were filed on a legal issue, and the language of the order itself, we cannot say that there was a trial. Instead, we believe this case was decided at a pre-trial stage.[8] Accordingly, District did not need to file post-trial motions to preserve its venue issue.[9]

Because venue was only proper in Lycoming County, and because District properly preserved this issue, we are compelled to find that the trial court lacked jurisdiction to address the substantive issue of contract unconscionability. Accordingly, we must vacate the trial court's order on the substantive issue, dated March 23, 2006, and reverse the trial court's Memorandum and Order of August 12, 2004, which had overruled District's preliminary objections. This case is remanded to the Lackawanna County Court of Common Pleas, with directions to transfer the case to the Lycoming County Court of Common Pleas for resolution of the merits.

**8.** Pace argues that nothing in the trial court's Memorandum Opinion "reference[s] anything that could lead to the conclusion that this was anything but a nonjury trial" (Pace Brief at 18) and that the trial court's statement that "Oral argument was held on February 27, 2006 and this matter is now ripe for decision" (Trial Ct. Decision on Merits, 3/23/06) clearly indicates that it was deciding the case on the merits. As discussed above, the majority of factors both in the trial court's opinion, and in the record, suggests that this was pre-trial disposition. The word "ripe," used by the trial court, does not countervail these factors.

**9.** While the facts of this case themselves strongly suggest that this case was decided in a pre-trial stage, we also note that the rationale articulated by the Supreme Court for requiring post-trial motions in declaratory judgment actions is not served by requiring post-trial motions in this case. The trial court had previously been given the opportunity to address its error in deciding the preliminary objections and it specifically rejected the opportunity to do so by denying District's motion for reconsideration.

## ORDER

**NOW,** November 2, 2006, the Order of the Court of Common Pleas of Lackawanna County, dated March 23, 2006, in the above-captioned matter is hereby vacated, the Memorandum and Order of the Court of Common Pleas of Lackawanna County, dated August 12, 2004, is reversed, and this matter is remanded to the Court of Common Pleas of Lackawanna County, with directions to transfer the case to the Court of Common Pleas of Lycoming County.

Jurisdiction relinquished.