# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keystone Sanitary Landfill, Inc.          :
and Solid Waste Services, Inc.            :
d/b/a J.P. Mascaro & Sons,                :
                          Appellants      :  No. 262 C.D. 2016
                                          :  Argued: September 15, 2016
              v.                          :
                                          :
Monroe County Municipal Waste             :
Management Authority                      :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                    **FILED: October 14, 2016**

The current issue in this declaratory judgment action involving waste disposal contracts implicates venue. Keystone Sanitary Landfill, Inc. (Keystone) and Solid Waste Services, Inc., d/b/a J.P. Mascaro & Sons (Mascaro) (collectively, Appellants), ask whether the Court of Common Pleas of Lackawanna County (trial court) erred in sustaining the preliminary objection of the Monroe County Municipal Waste Management Authority (the Authority) and transferring the action to the Court of Common Pleas of Monroe County. In so doing, the trial court concluded there was no enlargement of venue under Pa. R.C.P. No. 2103(b). Upon review, we affirm.

## I. Background

Although this case has a significant and convoluted background, most of it is not relevant to the current controversy. See Pa. Waste Indus. Ass'n v.

Monroe Cnty. Mun. Waste Mgmt. Auth., 80 A.3d 546 (Pa. Cmwlth. 2013) (en banc); Monroe Cnty. Mun. Waste Mgmt. Auth. v. Keystone Sanitary Landfill, Inc., (Pa. Cmwlth., No. 239 M.D. 2015, filed Aug. 7, 2015) (single judge op.). The underlying action may ultimately determine the legal status of the Authority's delayed Act 101[1] Plan revision, and whether a request for proposal issued by the Authority during a period of ambiguous validity interferes with long-term waste disposal contracts between Appellants. However, all that is before the Court currently is venue for a declaratory relief action. More specifically, the present issue is whether Appellants may sue the Authority in a county other than the county where it is located, Monroe County.

Appellants filed an action in the trial court alleging the Authority's request for proposal (RFP) and resulting waste disposal contracts violate the non-interference provisions of Section 506 of Act 101, 53 P.S. §4000.506. More specifically, Appellants allege the Authority's May 2012 RFP, seeking entities to administer the disposal of trash generated in Monroe County, violates landfill disposal contracts entered into between Appellants in 1984 and renewed in 1988, 1996 and 2008.

---

[1] Act 101 is the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, as amended, 53 P.S. §§4000.101-4000.1904. Act 101 mandates that county governments undertake the primary responsibility for the planning and oversight of the collection, transportation and disposal of municipal waste and other waste products. Section 303 of Act 101, 53 P.S. §4000.303. Monroe County entered into an agreement with the Authority to implement Monroe County's Act 101 Plan. Reproduced Record (R.R.) at 106-07a.

Thereafter, the Authority filed a preliminary objection as to venue in Lackawanna County. After argument, the trial court sustained the preliminary objection and transferred the action to Monroe County. This appeal followed.[2]

## II. Discussion

Appellants argue the trial court erred in concluding venue for the action lies in Monroe County. Appellants assert it is a fundamental principle that a plaintiff's choice of venue is entitled to weighty consideration. Zappala v. Brandolini Prop. Mgmt., Inc., 909 A.2d 1272 (Pa. 2006).

Since the Authority is a political subdivision as defined by Pa. R.C.P. No. 76, venue is controlled by Pa. R.C.P. No. 2103(b). That Rule provides, in pertinent part:

> (b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

Pa. R.C.P. No. 2103(b) (emphasis added). Citing Ward v. Lower Southampton Township, 614 A.2d 235 (Pa. 1992), Appellants assert that the highlighted language of the Rule allows legislative enactments to expand venue for an action against a political subdivision.

---

[2] Our review of a trial court's order sustaining a preliminary objection based on improper venue is for abuse of discretion or legal error. Lovelace v. Pa. Prop. & Cas. Ins. Guar. Ass'n., 874 A.2d 661 (Pa. Super. 2005). As for legal error, our standard of review is de novo and our scope of review is plenary. Petty v. Hosp. Serv. Ass'n of Northeastern Pa., 967 A.2d 439 (Pa. Cmwlth. 2009).

3

Appellants further assert Section 5607(d)(2) of the Municipal Authorities Act is an example of such venue expansion. Section 5607(d)(2) of the Municipal Authorities Act provides in part that a municipal authority may "sue and be sued … in all courts." 53 Pa. C.S. §5607(d)(2). Appellants argue several trial court decisions hold that the language of Section 5607(d)(2) expands the venue limitation contained in Pa. R.C.P. No. 2103(b).[3]

Also, Appellants argue that tenets of statutory construction support this conclusion. They contend the language of Section 5607(d)(2) of the Municipal Authorities Act is simple, direct, clear and unambiguous, and the Court need not look beyond the plain meaning "under the pretext of pursuing its spirit." 1 Pa. C.S. §1921(b); Appellants' Br. at 13.

Finally, Appellants argue the trial court's reliance on United States (U.S.) Cold Storage Corp. v. City of Philadelphia and General State Authority, 235 A.2d 422 (Pa. 1967), was misplaced. In U.S. Cold Storage, the General State Authority of the Commonwealth and the City of Philadelphia were defendants, and it therefore involved a different venue rule, Pa. R.C.P. No. 1006(c) (governing actions against two or more defendants to enforce joint or joint and several liability). Because the current matter only involves one defendant, Appellants assert U.S. Cold Storage is not applicable.

---

[3] See Bucks Co. Water & Sewer Auth. v. Bensalem Twp. Auth., 9 Pa. D. & C.3rd 496 (C.P. Bucks 1979); M.G. Mosites Co. v. Southwestern Pa. Water Auth., 40 Pa. D. & C.2d 251 (C.P. Fayette 1966). Appellants assert no appellate court has interpreted the language of Section 5607(d)(2).

In contrast, the Authority asserts this Court's holding in Jones v. Southeastern Pennsylvania Transportation Authority, 539 A.2d 515 (Pa. Cmwlth. 1988), controls. In Jones, this Court addressed Section 333 of the Judiciary Act Repealer Act (JARA) Continuation Act of 1980.[4] The Court concluded that according to that provision, venue for any case in which a political subdivision is a defendant is the home county of the political subdivision, regardless of the number of defendants. Thus, the Authority asserts Jones confirms that venue for Appellants' action rests solely in Monroe County, the Authority's home county.

The Authority further argues that trial court cases relied on by Appellants for the proposition that an action can be brought against a political subdivision outside its home county are not binding on this Court. Indeed, this proposition was addressed by other trial courts, which rejected it. City of Phila. v. Tinicum Twp., No. 1988 Nov. Term 1991 (C.P. Phila., May 27, 1992), 1992 WL 1071415, rev'd on other grounds sub nom., Delaware Cnty. v. City of Phila., 620 A.2d 666 (Pa. Cmwlth. 1993).

Related to this argument, the Authority asserts the trial court's reliance on U.S. Cold Storage was appropriate.

In their reply brief, Appellants argue venue is not controlled by Section 333 of the JARA Continuation Act because this is a declaratory judgment matter, not a tort action for injury to a person or property implicating governmental

---

[4] Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, as amended, 42 P.S. §20043.

5

immunity. In other words, Appellants argue the venue provisions of Section 333 of JARA only apply to tort actions under 42 Pa. C.S. §8542 (exceptions to governmental immunity) and not to actions sounding in contract.

Appellants assert Pace Construction Managers, Inc. v. Muncy School District, 911 A.2d 585 (Pa. Cmwlth. 2006), supports this conclusion. In Pace Construction, this Court held the venue provisions of Section 333 of JARA are limited to tort actions and do not apply to actions which sound in contract, like the current declaratory judgment suit.

In a note to its brief, the Authority asserts that the facts in Pace Construction are distinguishable, and it argues the facts in the current action are more in line with those in Jones. Appellee's Br. at 22 n.4. The Authority asserts the holding in Pace Construction confirms the existence of a split of authority on this matter.

### III. Analysis

The parties to this action concede the Authority's status as a political subdivision under the Municipal Authorities Act and for purposes of Monroe County's Act 101 Plan. See Pa. R.C.P. No. 76; see also Appellee's Br. at 18; Appellants' Br. at 12.

Pursuant to Pa. R.C.P. No. 1006(b), and in conjunction with Pa. R.C.P. No. 2103(b), actions against political subdivisions may be brought only in the county in which the political subdivision is located, "[e]xcept where otherwise provided by an Act of Assembly …."

6

Section 5607(d)(2) of the Municipal Authorities Act, 53 Pa. C.S. §5607(d)(2), states:

> Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including, but without limiting the generality of the foregoing, the following rights and powers:
>
> * * * *
>
> (2) To sue and be sued, implead and be impleaded, complain and defend in all courts.

53 Pa. C.S. §5607(d)(2).

It is a fundamental principle of law that a plaintiff's choice of venue is entitled to weighty consideration. <u>Zappala</u>. Appellants' choice of venue for their declaratory judgment action was Lackawanna County, the county in which both Appellants are situate.

The trial court relied upon the Pennsylvania Supreme Court's decision in <u>U.S. Cold Storage</u>. That case involved an equity action in Philadelphia to restrain alleged anti-competitive actions by a Commonwealth authority and the City of Philadelphia. The Commonwealth authority contested venue in Philadelphia, arguing that it could only be sued in Dauphin County, where it was located. Significant for current purposes, the Supreme Court agreed. In doing so, the Court rejected an argument that language in the General State Authority Act[5] permitting Commonwealth authorities to be sued in all courts relaxed venue

---

[5] Section 4 of the Act of March 31, 1949, P.L. 372, <u>as</u> <u>amended</u>, 71 P.S. §1707.4.

7

restrictions for the authority. Ultimately, the Court relied on recently-enacted Pa. R.C.P. No. 1006(c) to determine appropriate venue for the two defendants. While not exactly on point, this decision is persuasive as to venue for authorities and as to statutory language allowing authorities to be sued in all courts.

Appellants rely in part on Ward. That case involved a tort action for personal injury in Philadelphia against a Bucks County municipality for failure to provide sufficient traffic signals at an intersection in Bucks County where an accident occurred. The municipality maintained its venue objections through post-trial proceedings. Citing Section 333 of the JARA Continuation Act, our Supreme Court described in broad terms the additional venue choices that were available in that case. In the end, the Court allowed the Philadelphia judgment against the Bucks County municipality to stand.

We believe Ward is distinguishable, for two reasons. Procedurally, the venue decision was ultimately addressed after trial, which is not the situation here. Substantively, the tort action for personal injuries in Ward is different from the current case, which sounds in contract. This substantive distinction will be discussed further below.

The Authority relies heavily on Jones. That case involved a Philadelphia tort claim for personal injuries against a regional transportation authority and a Montgomery County municipality. The Montgomery County municipality challenged venue in Philadelphia, arguing it could only be sued in Montgomery County. Citing Section 333 of the JARA Continuation Act in dicta,

this Court agreed. More particularly, we agreed with the municipality's contention "that Section 333 of the Act sweeps this mass confusion away and mandates that venue for any case in which a political subdivision is a defendant is the home county of the political subdivision." Jones, 539 A.2d at 516. Ultimately, however, we concluded the municipality did not preserve its venue objection by filing preliminary objections; accordingly, we did not disturb venue in Philadelphia. Because the substantive discussion in Jones was dicta, the usefulness of the case here is uncertain.

The most persuasive case is this Court's decision in Pace Construction. That case involved a contract action brought by a construction company in its home county, Lackawanna County. There was no claim for personal injuries. There was one defendant, a school district located in Lycoming County, whose objection to venue was overruled. On appeal, we held that the expansive language of Section 333 of the JARA Continuation Act only applied to cases against municipal parties where personal injuries or property damage was involved and where governmental immunity could be an issue. Thus, we declined to apply the language to a contract action, and we specifically distinguished Ward and another case[6] on that basis. In short, we concluded that under Pa. R.C.P. No. 2103(b), the school district could only be sued in the county in which it is located.

Pace Construction informs our analysis here. Pursuant to that decision, we hold that a municipal authority or other political subdivision in a case sounding

_____

[6] Twp. of Whitpain v. Goldenberg, 569 A.2d 1002 (Pa. Cmwlth. 1990) (venue proper in the county where the township is located).

9

in contract can only be sued in a county where it is located, consistent with Pa. R.C.P. No. 2103(b).

Similar to our Supreme Court in U.S. Cold Storage, we cannot conclude that language in the Municipal Authorities Act, which empowers authorities to sue and be sued in all courts, was intended to dispel all venue rules for authorities, whether as a plaintiff or as a defendant. We presume the General Assembly did not intend such an absurd outcome. See 1 Pa. C.S. §1921(c)(6) (intent of General Assembly can be ascertained by considering the consequences of a particular interpretation); 1 Pa. C.S. §1922(1) (court may presume General Assembly did not intend a result that is absurd).

Rather, we construe the ambiguous "all courts" language of the Municipal Authorities Act to address the types of courts, not the location of courts. Thus, the language allows for authority action in, for example, all state courts, all federal courts, all foreign courts, all law courts, all courts of equity, all criminal courts, all civil courts, all orphans' courts and family courts, all courts of general jurisdiction, all specialty tribunals, such as admiralty courts, all courts of-record, and all courts not of-record, subject to prevailing rules of procedure. See BLACK'S LAW DICTIONARY 405-411 (9th ed. 2009) (definition of "court").

For all these reasons, we affirm the trial court's decision to transfer venue to Monroe County.

ROBERT SIMPSON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keystone Sanitary Landfill, Inc.    :
and Solid Waste Services, Inc.    :
d/b/a J.P. Mascaro & Sons,    :
                   Appellants    :     No. 262 C.D. 2016
                                                       :
               v.                       :
                                                       :
Monroe County Municipal Waste    :
Management Authority    :

## O R D E R

**AND NOW**, this 14th day of October, 2016, the order of the Court of Common Pleas of Lackawanna County is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge